[Crim. No. 22680. Second Dist., Div. Four. Sept. 27, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS EDWARD UTTER, Defendant and Appellant.

**COUNSEL**

Melvin M. Belli, Kent A. Russell and Belli, Ashe, Ellison & Choulos for
Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant
Attorney General, William E. James, Assistant Attorney General, Norman
H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff
and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was charged with (count I) murder, (count II)
robbery, and with three counts of grand theft. On motion under section

1118.1 of the Penal Code, one of the theft counts (count III) was dismissed; he was found guilty on all other counts. He was sentenced to state prison for life on the murder count, and to state prison for the term prescribed by law on the remaining counts; execution of the sentences on counts II and III was ordered stayed pending the service of the sentences on counts I, IV and V.[1]

On appeal, this court reversed the judgment on count I on the stated ground that California had no jurisdiction over the offense therein involved, vacated the sentence erroneously imposed on the dismissed count (count III) and affirmed the judgment as to counts II, IV and V. However, we vacated the sentence on those three counts and remanded the case for further proceedings. (*People* v. *Utter* (1972) 24 Cal.App.3d 535 [101 Cal.Rptr. 214].) The Supreme Court denied hearing.

## I

On the remand, defendant unsuccessfully sought a new trial on counts II, IV and V. The action of the trial court was correct. The only matter properly before the trial court at that stage was the resentencing of defendant on the convictions theretofore affirmed by this court.

## II

After a thorough allocution, the trial court imposed consecutive sentences on counts II, IV and V. Defendant's principal contention on this appeal is that it was error to impose consecutive as distinguished from concurrent sentences. We see no error.

As we have pointed out above, the concurrent sentences on counts II, IV and V were required by the provisions of section 669 of the Penal Code. The trial court, at the time of the original sentence, had neither the duty nor the opportunity to consider any other alternative. But, once count I was out of the case, a duty to exercise judicial discretion as to the relationship between the remaining counts arose. It was because of that fact, and in order to permit the trial court to exercise the discretion accorded to it for the first time, that we sent the case back for the proceedings now

---

[1]Penal Code, section 669, provides that ". . . if the punishment for any of said crimes is expressly prescribed to be life imprisonment, whether with or without possibility of parole, then the terms of imprisonment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term." Much of the language in the original sentence was surplusage—the terms on counts II, IV and V ran concurrently with each other and with the term on count I by operation of law, not by reason of any language in the original judgment.

under review. We cannot say that that discretion was abused by the judgment ultimately entered.

The only possible limitation on the trial court's discretion was that imposed by the philosophy of *People* v. *Henderson* (1963) 60 Cal.2d 482, 495-497 [35 Cal.Rptr. 77, 386 P.2d 677]—i.e., that an appealing defendant should not suffer a heavier penalty after a remand by a reviewing court. No such adverse effect occurred here.

The original sentences, by virtue of the provisions of section 669 of the Penal Code, amounted to a life sentence, with no provision for a statutory minimum, but with eligibility for parole after seven years (Pen. Code, § 3046). The sentences now before us also carry a maximum of life (Pen. Code, § 213) and have a cumulative minimum of seven years.[2] Parole eligibility, under section 3046, is at one-third of the minimum cumulative sentence, namely two years and four months. In other words, defendant faces no longer sentence than he did after the trial, he is eligible for parole three years and eight months earlier than under the original sentence, and he is eligible for complete release after a fixed minimum. He has suffered no prejudice.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 5, 1973.

---

[2]The minimum sentence on count II is five years (Pen. Code, § 213), on counts IV and V it is one year each (Pen. Code, § 489), or a total cumulative minimum of seven years.