[L.A. No. 30511. In Bank. Mar. 19, 1976.]

In re JEROME WEBER on Disbarment.

**COUNSEL**

Leo Edwin Bromberg for Petitioner.

Herbert M. Rosenthal for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation by the Disciplinary Board of the State Bar of California that petitioner be disbarred. Convicted of violating Penal Code section 653f (soliciting another to offer a bribe), petitioner was suspended from the practice of law 28 October 1970. (Bus. & Prof. Code, § 6102.) He appealed the criminal conviction and petitioned for writ of habeas corpus but was unsuccessful. (*In re Weber* (1974) 11 Cal.3d 703 [114 Cal.Rptr. 429, 523 P.2d 229].) He served 11 months in prison.

Petitioner was admitted to the bar in 1936. His practice was devoted primarily to criminal law. In March 1969 he was retained by Thomas

Devins, who was under investigation for murder and other crimes.[1] Petitioner informed Devins that it was possible to obtain a "policy" to suppress the murder investigation. A series of meetings between the two culminated in Devins' agreeing to purchase the "policy" for a specified price, plus an additional fee for petitioner. (*In re Weber, supra,* 11 Cal.3d at pp. 707-710.) Devins reported the meetings to agents of the Attorney General's office and was provided with a tape recorder. At petitioner's trial for soliciting another to offer a bribe, the recordings corroborated Devins' testimony concerning the conversations.

After hearing the testimony of 33 witnesses, including petitioner,[2] the local administrative committee made findings of fact and recommended disbarment. The disciplinary board, while modifying the findings of fact, agreed that disbarment was the appropriate sanction.[3] The disciplinary board determined that no circumstance exists tending to mitigate the offense.

Petitioner contends that the disciplinary board left certain material facts out of the findings in this case.[4] His position appears to be that failure to include these facts resulted in the recommendation of disbarment. However, these matters were in the record before the board, and in the absence of strong evidence to the contrary, we will not assume the board shirked its duty to consider the entire record. (*In re Kreamer* (1975) 14 Cal.3d 524, 532, fn. 5 [121 Cal.Rptr. 600, 535 P.2d 728].) No such strong evidence has been presented.

The record of petitioner's conviction is conclusive proof he committed all of the acts necessary to constitute the offense. (Bus. & Prof. Code,

---

[1]Devins, also known as Thomas Utter, was eventually convicted of murder, robbery, and grand theft. (*People* v. *Utter* (1972) 24 Cal.App.3d 535 [101 Cal.Rptr. 214]; *People* v. *Utter* (1973) 34 Cal.App.3d 366 [108 Cal.Rptr. 909].)

[2]Petitioner's version of the events differs from the version found in the official record. In particular, he indicated to the local administrative committee that he did not intend to participate in a bribe. At the same time, however, he admitted that in prolonged dealings with Devins he "played along" with the idea of bribery.

[3]The board's findings were a condensation of the committee's findings. The basic elements—existence of the criminal conviction, character testimony, and lack of mitigating circumstance—were retained.

[4]Facts asserted by petitioner as material are: (1) the solicitation was his only act of wrongdoing, (2) no money was ever passed, (3) the victim (Devins) was himself of questionable character, (4) there were several character witnesses, (5) petitioner's conduct was satisfactory between the time of his conviction and the time of the hearing, and (6) petitioner has been active in civic projects and has performed numerous community services.

§ 6101; *In re Higbie* (1972) 6 Cal.3d 562, 570 [99 Cal.Rptr. 865, 493 P.2d 97].) The nature of the crime for which he was convicted (*Feinstein* v. *State Bar* (1952) 39 Cal.2d 541, 546-547 [248 P.2d 3]) as well as our interim order of suspension (*In re Hanley* (1975) 13 Cal.3d 448, 451 [119 Cal.Rptr. 5, 530 P.2d 1381]) establish that petitioner's behavior involved moral turpitude.

Since sections 6101 and 6102 of the Business and Professions Code were amended in 1955, disbarments have been the general rule in cases of crimes involving moral turpitude. (*In re Silverton* (1975) 14 Cal.3d 517, 523 [121 Cal.Rptr. 596, 535 P.2d 724]; *In re Bogart* (1973) 9 Cal.3d 743, 748 [108 Cal.Rptr. 815, 511 P.2d 1167].) In addition, each case is decided upon its own facts. (*Toll* v. *State Bar* (1974) 12 Cal.3d 824, 831-832 [117 Cal.Rptr. 427, 528 P.2d 35]; *Mrakich* v. *State Bar* (1973) 8 Cal.3d 896, 907 [106 Cal.Rptr. 497, 506 P.2d 633].) For these reasons it is meaningless to draw parallels among the exceptions to the rule of disbarment, based on similarities in the possible criminal penalties involved. (*Toll* v. *State Bar, supra,* 12 Cal.3d at p. 832.)

 The disciplinary board's recommendation as to appropriate disciplinary action is to be given great weight. (*In re Silverton, supra,* 14 Cal.3d 517, 523.) The record contains ample support for the recommendation of disbarment. An attorney is charged with guarding the integrity of our criminal justice system. Petitioner used his position as an attorney to undermine it. There was a lack of contrition in petitioner's attitude toward the disciplinary proceeding.[5]

 Petitioner has the burden of showing that the board's recommendation was erroneous or unlawful. (*Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 444 [113 Cal.Rptr. 602, 521 P.2d 858]; *In re Hanley, supra,* 13 Cal.3d 448, 451.) This burden is not met by contentions merely demonstrating a continuing difference of opinion between petitioner and those charged with the duty of conducting the disciplinary proceeding.

 Petitioner's age, many years in the profession, and lack of prior disciplinary record are not, in themselves, sufficient to mitigate the sanction.[6] His experience in dealing with clients should have cautioned

---

[5]Attributing his offense to "poor judgment" and the bad character of Devins, petitioner was less than forthright with the local committee, never taking full responsibility for the events which led to his conviction.

[6]Age was considered a mitigating circumstance in a case quite dissimilar to the one now before us. (*In re Jones* (1971) 5 Cal.3d 390 [96 Cal.Rptr. 448, 487 P.2d 1016].) In *Jones,* the 66-year-old petitioner suffered from poor health. In addition, his inability to

him to beware of participation in such activity, and disbarment is not reserved for those possessing prior records. (*Benson* v. *State Bar* (1971) 5 Cal.3d 382, 388 [96 Cal.Rptr. 30, 486 P.2d 1230].)

Petitioner asserts his present moral fitness to practice law, but he must show more than a belief that his conduct will be proper in the future. (*In re Hanley, supra,* 13 Cal.3d 448, 455-456; *In re Allen* (1959) 52 Cal.2d 762, 768 [344 P.2d 609].) Only a few of the character witnesses testified as to petitioner's rehabilitation. (*In re Hanley, supra,* 13 Cal.3d at p. 454.)

Our independent examination of the record convinces us that disbarment is appropriate.

It is therefore ordered that petitioner be disbarred from the practice of law in this state and that his name be stricken from the roll of attorneys, effective 30 days after the filing of this opinion.

---

obtain a job following his criminal conviction caused financial difficulties. The record in the present case indicates petitioner's success in business activities since his law practice was voluntarily discontinued in 1970.