[Crim. No. 17371. Second Dist., Div. Four. Mar. 12, 1970.]

In re WILLIAM STALLINGS on Habeas Corpus.

COUNSEL

Denenberg & Friedman and Bruce A. Friedman for Petitioner.

John D. Maharg, County Counsel, and Harold S. Vites, Deputy County Counsel, for Respondent.

## OPINION

**ALARCON, J. pro tem.**\*—Petitioner has filed for writ of habeas corpus seeking relief from an order of the trial court revoking probation and remanding him to the custody of the Director of the Department of Corrections pursuant to Penal Code, section 1203.03.

### FACTUAL BACKGROUND

The petitioner was convicted on November 27, 1967, of the crime of possession of marijuana for sale in violation of Health and Safety Code, section 11530.5. On December 27, 1967, criminal proceedings were suspended and the petitioner was placed on probation for a period of five years. During the period of probation the petitioner was ordered, inter alia, to spend four months in the county jail, pay a fine of $500 and to obey all laws, orders, rules and regulations of the probation department and of the court. On the same date the trial court, anticipating an appeal, on its own motion, ordered that "execution of this sentence will be suspended. . . . That the defendant will be allowed to remain on bail pending an appeal in the event a Notice of Appeal is filed within the statutory time."

The petitioner did not request a stay of execution of the order granting probation.

On December 28, 1967, the petitioner filed his notice of appeal.

On April 28, 1969, the remittitur was filed with the superior court affirming the judgment of conviction.

On June 24, 1969, the superior court ordered a supplemental probation report. After several continuances, the matter was placed on the court's calendar on July 16, 1969, "for further proceedings."

On July 16, 1969, the trial judge accepted a waiver of "formal" arraignment for judgment and sentence and determined that there was no "legal cause why sentence should not now be imposed." After indicating that he had read the original probation report and the supplemental probation report, the trial judge suspended the imposition of sentence and placed the petitioner on probation for a period of *five years* on the same terms and conditions orginally ordered on December 27, 1967 (including confinement for four months in the county jail).

\*Assigned by the Chairman of the Judicial Council.

The court's minutes reflect that, on September 16, 1969, the trial court denied the petitioner's motion to advance the matter from November 17, 1969, to September 19, 1969, for consideration of a modification of the probationary order to "time served."

On November 17, 1969, the trial court revoked probation and referred the petitioner to the Department of Corrections pursuant to Penal Code, section 1203.03. The matter was continued to February 16, 1970, for further proceedings. The petitioner was remanded to custody.

## PETITIONER'S CONTENTION

The petitioner contends that the trial court revoked probation without proof of any violation of the terms and conditions of the probation order of July 16, 1969.

## PROBLEM

The trial court purported to place the petitioner on probation on July 16, 1969. On November 17, 1969, the trial court purported to revoke probation. Before we can reach the question as to whether there was sufficient evidence to show a violation of probation we must first determine if the court acted within its jurisdiction in placing the petitioner on probation on July 16, 1969. If, under the facts of the case, the trial court lacked the authority to place the petitioner on probation on July 16, 1969, the order revoking his probation for a violation of that order would be a nullity. Because of the confusion in the record as to the nature of the proceedings of July 16, 1969, we must first discuss the scope of the trial court's jurisdiction over the person of the petitioner upon the return of the remittitur, on April 28, 1969, after the judgment of conviction was affirmed on appeal.

## JURISDICTION OF TRIAL COURTS AFTER AFFIRMANCE ON APPEAL

The trial court's jurisdiction over the person of a defendant in a criminal case after an affirmance on appeal depends upon the action which was previously taken by the trial judge at the time for pronouncement of judgment.

### State Prison Sentence—No Stay of Execution

If the trial court's judgment was that the defendant be imprisoned in the state prison, and the defendant was committed and remained in prison pending appeal, the original judgment must be enforced upon affirmance on appeal. The trial court does not have the jurisdiction to change or modify the judgment. (*In re Black,* 66 Cal.2d 881, 886 [59 Cal.Rptr. 429, 428 P.2d 293]) unless the trial court invokes the provisions of Penal Code,

section 1168. Penal Code, section 1168 provides in pertinent part as follows: "When a defendant has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, if it is deemed warranted by the diagnostic study and recommendations . . . the court may, within 120 days of the date of commitment on its own motion, or thereafter upon recommendation of the Director of Corrections, recall the sentence and commitment previously ordered and re-sentence the defendant in the same manner as if he had not previously been sentenced."

*State Prison Sentence—Release on Bail From Prison*

■ If the defendant was released on bail pending appeal after he began serving his sentence in the state prison, upon the filing of the remittitur, the trial judge cannot change the sentence. The trial judge's authority is limited to the power to issue an order for the arrest of the defendant and his return to prison. (Pen. Code, § 1310.)

■ The trial court has the jurisdiction over the person of the defendant to grant an application for probation upon the filing of the remittitur, if the judgment of the court that the defendant be imprisoned in the state prison, after a denial of probation, has not been carried into effect because of a stay of execution pending determination of the appeal. (*People* v. *Sidwell,* 27 Cal.2d 121, 130 [162 P.2d 913]; *Lloyd* v. *Superior Court,* 208 Cal. 622, 630 [283 P. 931]; *People* v. *Causey,* 230 Cal.App.2d 576, 579 [41 Cal.Rptr. 116].)

*Probation Granted—Stay of Execution of Probation Order*

■ Where, at the time judgment was pronounced, the defendant was placed on probation but the order granting probation was stayed pending appeal, upon affirmance on appeal no action of the trial court is necessary to carry the probation order into execution. The probation order automatically goes into effect as of the date the remittitur is filed.

*Probation Granted—No Stay of Execution of Probation Order*

■ If the probation order has not been stayed pending appeal, the defendant is subject to the probation order during the time the appeal is pending. If the judgment of conviction is affirmed, the probation order continues in effect, if the term of probation has not expired, without further action by the trial court.

*Probation Granted—Modification Based on Good Conduct During Appeal*

■ Where probation has been granted prior to the filing of the notice

of appeal, the trial court, upon an affirmance on appeal, has the jurisdiction over the person of the defendant to consider a modification of the terms and conditions of probation to make them less onerous on the basis of a current supplemental probation report showing good conduct and rehabilitation during the time the appeal was pending. (See Pen. Code, § 1203.3) Penal Code section 1203.3 provides in pertinent part as follows: "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the person so held, . . . ."

### No Automatic Stay of Execution of Probation Order

An order placing a defendant on probation is not stayed by the filing of a notice of appeal. Penal Code, section 1243 provides in pertinent part as follows: "An appeal to . . . a court of appeal from a judgment of conviction . . . does not stay the execution of the judgment or order granting probation in any . . . case unless the trial or appellate court shall so order."

### Probation Granted—Power to Revoke Where No Stay of Execution of Probation Order

If the court's probationary order has not been stayed pending appeal, the trial court has the jurisdiction to revoke probation while the appeal is pending or after the remittitur is filed, if the defendant has violated any of the conditions of probation. (Pen. Code, §§ 1203.1 and 1203.2.)

### Probation Granted—Power to Vacate Order Because of Bad Conduct During Appeal Although Stay of Execution of Probation Order Granted

When the court grants probation and thereafter grants a stay of the execution of the probation order, the trial court has the authority, upon the filing of the remittitur, to vacate its previous order granting probation upon a showing that the defendant's conduct while the matter was on appeal demonstrates that he is not a suitable candidate for probation supervision. A contrary rule would lead to the unfair result that a person denied the advantage of a stay of execution of his probation order would be subject to revocation of his probation for his conduct during the time the appeal was pending, while a defendant who was the beneficiary of a stay of execution would be immune from a reconsideration of the probation order regardless of his conduct or his return to criminal activities. This view is

consistent with the general rule that prior to the execution of a court order the court has the jurisdiction to set its orders aside. (See *People* v. *Jolke,* 242 Cal. App.2d 132, 144 [51 Cal.Rptr. 171]; see also *People* v. *Sidwell, supra,* 27 Cal.2d 121, 130.)

## No Jurisdiction to Vacate or Revoke Probation Without Cause

██ However, the trial court lacks the jurisdiction to revoke or vacate an order granting probation, or to prescribe more onerous conditions of probation, or to increase the period of probation, in the absence of proof of a violation of probation or evidence showing that the defendant is no longer suitable for supervision on probation. ██ A defendant cannot be forced to risk a more severe punishment than originally ordered by the court solely as the price for the exercise of his right to appeal. (See *People* v. *Henderson,* 60 Cal.2d 482, 495-497 [35 Cal.Rptr. 77, 386 P.2d 677]; see also *People* v. *Ali,* 66 Cal.2d 277, 281-282 [57 Cal.Rptr. 348, 424 P.2d 932].)

## The Legal Effect of the Proceedings of July 16, 1969

In the instant matter, upon the filing of the remittitur, the trial court, upon its own motion, placed the matter on the calendar for May 23, 1969, "for imposition of sentence." The matter was continued twice until June 24, 1969. On that date the trial court ordered a supplemental report and, at the petitioner's request, continued the matter to July 15, 1969, for "further proceedings." On July 15, 1969, the matter was continued to July 16, 1969, for "further proceedings." The court's minutes give no clues as to the exact nature of the "further proceedings" contemplated by the court and counsel. However, a reading of the reporter's transcript for July 16, 1969, has convinced us that the trial court and counsel were under the mistaken impression that the matter was on the court's calendar for arraignment for judgment. The following quotation from the proceedings of July 16, 1969, illustrates the confused state of this record: "THE COURT: Counsel here on any other matters? MR. FORER: William Stallings, P and S continued from yesterday. THE COURT: Yes. William Stallings. Is he here? Is that your name? THE DEFENDANT: Yes, sir. THE COURT: Counsel, your name? MR. FORER: Herbert Forer, F-o-r-e-r. THE COURT: This matter is in this court at this time for further proceedings. The Court has requested, received and read a supplementary probation report, as well as the original probation report. Counsel, waive formal arraignment for judgment and sentence? MR. FORER: Waive formal arraignment. THE COURT: Any legal cause why sentence should not now be imposed? MR. FORER: No legal cause, your Honor. . . . THE COURT: In this matter, Mr. Stallings, as I have indicated, I have read and considered the entire file. It will be

the judgment of this Court that the imposition of sentence in your case be suspended. I am going to place you on formal probation to this court for a period of five years. The terms and conditions of probation at this time are going to be precisely as those ordered by Judge Cole in Department 112. They are as follows: I'll order that you spend four months in the County Jail. I'll order that you pay a fine in the sum of $500 through the probation officer in such amount and manner as the probation officer shall prescribe. You are not to use or possess any narcotics or narcotic paraphernalia. You are to stay away from places where narcotic addicts congregate. You are to seek and maintain employment as approved by your probation officer. You are to support your dependents as directed by the probation officer. You are to maintain a residence as approved by the probation officer. And you are to obey all laws, orders, rules and regulations of the Probation Department and the court."

Apparently the probation officer was also confused as to the nature of the proceedings for July 16, 1969. In his supplemental report for that hearing he recommended a *denial* of probation. Section 1200 of the Penal Code sets forth the procedure which must be followed upon an arraignment for judgment. Section 1200 provides as follows: "When the defendant appears for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

■ Arraignment for judgment is required by law within 21 days of a plea or verdict of guilty (Pen. Code, § 1191) or after a revocation of probation where imposition of sentence has been suspended. (*In re Davis,* 37 Cal.2d 872, 875 [236 P.2d 579]; *In re Levi,* 39 Cal.2d 41, 44-47 [244 P.2d 403].) ■ However, there is no legal requirement that a defendant be returned to the trial court for arraignment for judgment after an affirmance upon appeal. The practice of arraigning a defendant for judgment after an affirmance on appeal may encourage the filing of a new notice of appeal from the "final judgment of conviction" (Pen. Code, § 1237) and create the false hope that the defendant can relitigate each of the issues already decided against him on appeal. It was also unnecessary for the trial court on July 16, 1969, to repeat the same probation order which had been in effect since December 27, 1967. ■ Upon the filing of the remittitur, the stay of the requirement that the petitioner spend four months in the county jail was terminated by operation of law. The trial court had the jurisdiction without a hearing to order that the petitioner be arrested and committed to the custody of the sheriff for four months. (Pen. Code, § 1310.)

As discussed above, the trial court had the authority on July 16, 1969, to revoke or modify probation upon a showing of a violation of probation. However, the trial court made no finding that probation had been violated, nor did the court indicate that probation had been revoked or modified. By ordering that probation be granted for five years the date for termination of probation was extended from December 27, 1972, until July 16, 1974. The trial court lacked the authority to extend the period of probation without a finding that the petitioner had violated a condition of probation. (See Pen. Code, § 1203.3; see also *In re Larsen,* 44 Cal.2d 642, 645 [283 P.2d 1043].)

It is our view that the proceedings of July 16, 1969, were a nullity. The fact that the purported probation order had no legal effect did not affect the original probation order of December 27, 1967. (*In re Bine,* 47 Cal.2d 814, 818 [306 P.2d 445].) The petitioner was still subject to the terms and conditions of the December 27, 1967, order.

*The Legal Effect of the Probation Revocation*
*Proceedings of November 17, 1969*

In addition to issuing a new probation order on July 16, 1969, the trial court made the following orders: "It will further be the order of this Court that you are now remanded to the custody of the Sheriff and to be retained by the Sheriff in furtherance of the first condition of probation that you serve four months in the County Jail. I am further going to order in this matter a supplemental probation report in this matter be filed by the Probation Department at the conclusion of the matter in the Santa Barbara Superior Court so that I can learn at that time as to what the status of that case is. I'll further order as an additional condition of probation that at the end of the four-month period of time in the County Jail, that you not be released but that you be transported back to this court—Give me a date four months from today. MR. FORER: Your Honor, would the Court consider credit for the six weeks currently in custody? THE COURT: No. THE CLERK: November 17. THE COURT: Calendar this matter back in this court for further proceedings on the 17th day of November. At that time, hopefully, the matter in Santa Barbara will have been concluded and this court can then learn at that time through a probation report as to just what that was all about. We'll have further proceedings in this matter at that time, 17th day of November, and that will be at 11 o'clock in the morning."

The "matter in Santa Barbara" referred to in the order quoted above concerned a burglary charge against the petitioner which was pending before the Santa Barbara Superior Court on July 16, 1969.

The petitioner contends that the order of the court revoking his probation

was not supported by any evidence of a violation of probation since the date of July 16, 1969. We agree. The probation officer's report for November 17, 1969, does not contain any information concerning the petitioner's conduct following the proceedings of July 16, 1969. If the probation order of that date were valid this court would be required to vacate the order revoking probation for lack of evidence of any violation.

However, as discussed above, the order of July 16, 1969, had no legal effect. Therefore we must consider whether the evidence before the court on November 17, 1969, showed a violation of the probation order of December 27, 1967.

The supplemental report filed with the court for the November 17, 1969, proceedings sets forth two matters to support the recommendation that probation should be revoked. The probation officer reported that an information charging the petitioner with burglary had been set aside by the Superior Court for Santa Barbara pursuant to Penal Code, section 995 on August 25, 1969, on the grounds that the evidence was obtained by means of an unreasonable search and seizure. In addition, the probation officer advised the court of a report from the deputy sheriff who had investigated the dismissed charges that "he has heard from sources not considered to be reliable, that the defendant was involved on other burglaries in the area." From the record before us it is clear that there were no factual bases for the court's determination that probation should be revoked. The fact that the burglary information was set aside on the grounds of an unreasonable search and seizure cannot be construed as proof that there was evidence that the petitioner committed a burglary. The report of the deputy sheriff was forthrightly labelled by him as from unreliable sources.

 While a trial court has a wide discretion in determining whether the defendant's conduct constitutes a violation of probation, it may not act arbitrarily or capriciously in ordering a revocation of probation. There must be a factual basis to support an order revoking probation. (*In re Bine, supra,* 47 Cal.2d 814, 816-818.) The probation report must contain some reliable factual information from which the trial court can determine if a violation of probation has occurred. The trial court exceeded its jurisdiction in its order of November 17, 1969, revoking probation. Therefore the order committing the petitioner to the Director of Corrections pursuant to Penal Code section 1203.03 was without legal effect.

In view of the procedural confusion which permeates this record, beginning with the proceedings of July 16, 1969, we have determined that the best interests of justice would be served by remanding this matter to the trial court so that that court may determine if it wishes to hold proceedings pursuant to Penal Code, sections 1203.1 and 1203.2. From the record

before us it appears that counsel for the petitioner may have inadvertently led the trial court into a misapprehension as to the nature of the proceedings of July 16, 1969, thereby inviting an unnecessary and ineffective probation order. This error was compounded by the trial court's order of November 17, 1969, revoking the invalid probation order of July 16, 1969. Should the trial court again consider revocation of probation, it must do so on the basis of a new probation report containing reliable facts which show a violation of the probation order of December 27, 1967.

The order of July 16, 1969, is annulled. The order of November 17, 1969, revoking probation is annulled. The order remanding the petitioner to the Director of Corrections pursuant to Penal Code, section 1203.03 is vacated. The matter is remanded to the superior court for further proceedings consistent with the views expressed in this opinion.

Kingsley, Acting P. J., and Dunn, J., concurred.