[Crim. No. 41144. Second Dist., Div. Two. Feb. 19, 1982.]

In re GARY KENNICK on Habeas Corpus.

COUNSEL ·

Russell Iungerich and Judith M. Mitchell for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Respondent.

OPINION

COMPTON, J.—This petition for habeas corpus was transferred by the Supreme Court to this court and the Sheriff of Los Angeles County was ordered to show cause why the writ should not be granted. We calendared the matter for oral argument. After considering the record and the circumstances of the case we have concluded that the writ should be denied.

Petitioner was convicted in the Superior Court of Los Angeles County of four counts of grand theft. Proceedings were suspended and he was placed on probation for a period of three years on condition that he serve the first year in the county jail.

On the filing of a notice of appeal, petitioner was released on bail of $2,000. Subsequently, the judgment was affirmed by this court. The Supreme Court denied a hearing and the remittitur issued.

Petitioner returned to the superior court whereupon bail was exonerated and the trial court ordered the judgment into execution. Petitioner contends that the three-year probationary period expired prior to the date that the trial court ordered execution of the judgment following its affirmance on appeal. He thus argues that the trial court on that date lacked jurisdiction to enforce the condition that he serve one year in the county jail.

An additional feature of this case is that during the pendency of the appeal, a judge other than the original trial judge, purported to modify the judgment by imposing a misdemeanor sentence terminating probation and dismissing the action pursuant to Penal Code sections 1203.03 and 1203.04.

The validity of petitioner's contention and incidentally the validity of the interim attempt at modification of the judgment both turn on the single issue of whether the execution of the judgment was stayed pending appeal.

In essence, the petitioner and the judge who purported to modify the judgment, were of the opinion that only the condition that defendant be incarcerated was stayed and that the other conditions of the probationary order continued in effect. We disagree.

The filing of an appeal does not in and of itself stay the execution of a judgment in criminal proceedings. (Pen. Code, § 1243.) A trial or appellate court may stay the execution of a judgment pending appeal, (Pen. Code, § 1243) and a defendant may be released on bail pending appeal (Pen. Code, § 1272) as a guarantee that he will surrender himself in execution of the judgment upon its being affirmed or in case of a reversal that he will appear and submit to the further orders and processes of the court. (Pen. Code, § 1273.) An order granting probation is a final judgment from which a defendant may appeal. (Pen. Code, § 1237.)

■ The jurisdiction of the trial court to change or modify the judgment *after an affirmance on appeal* generally depends on the nature of the judgment and whether any part of the judgment has been executed. (*In re Stallings* (1970) 5 Cal.App.3d 322 [85 Cal.Rptr. 96].) The trial court has jurisdiction to modify its judgment *after affirmance if it has not been executed.* (*People v. Sidwell* (1945) 27 Cal.2d 121 [162 P.2d 913]; *In re Stallings, supra.*)

■ Where the execution of the judgment has been stayed pending appeal the trial court lacks jurisdiction *during the pendency of the appeal* to modify the judgment. A stay of a probationary type judgment stays the running of the probationary term. The period of probation commences to run only after issuance of the remittitur. (*In re Davis* (1957) 150 Cal.App.2d 790 [310 P.2d 1031]; *People v. Hall* (1952) 115 Cal.App.2d 144 [251 P.2d 979].)

■ It follows from the foregoing that if the execution of the judgment here was stayed pending the appeal the trial court lacked jurisdiction during that period to modify the judgment and the three-year pro-

bationary period did not commence to run until determination of the appeal and the issuance of the remittitur. It also follows that upon the filing of the remittitur the probationary order automatically went into effect unless at that time the trial court saw fit to vacate or modify it. (*In re Stallings, supra*, .5 Cal.App.3d 322.)

A judgment is an integrated whole and a stay of its execution stays all of its parts unless the court specifies otherwise. A condition of probation that a defendant serve a period of confinement is not a sentence or judgment in itself but is merely a part of a multifaceted judgment which is premised on the concept that the actual sentence for the crime is suspended pending compliance with certain probationary conditions. This can be achieved, as here, where no sentence is imposed but all further proceedings are simply suspended.

Probation has as its goal the rehabilitation of the defendant. Where a trial court imposes a period of confinement as a condition of probation the usual progression is to have the confinement period served first to be followed by a phasing of the defendant into society under probationary supervision. It would be a rare case that a trial court would reverse the sequence. Hence it would be a rare case that a trial judge would stay only the confinement condition pending appeal while allowing the other parts of the probationary order to be put into execution. Hence we will not assume that that was the intention here without a specific statement of the trial court to that effect. In fact the trial court's judgment, that defendant serve the *first* year of the period in confinement, points in exactly the opposite direction.

Further, the trial court was undoubtedly aware of the fact that the processing of an appeal is often a very time-consuming endeavor, and was cognizant of the possibility that the time consumed in processing the appeal might cover the greater part of the probationary period. We are certain that the trial judge here did not, as defendant contends, *intend* to stay only the condition of probation which was the most onerous and run the risk that defendant might never have to fulfill that condition.

This brings us to the written order of the trial court and our interpretation of it to determine which the trial judge in spite of his intention in fact did. The judgment is contained on a form which provides for the checking of boxes and the filling of blanks.

A summary of the checked boxes and filled in blanks is as follows:

On June 28, 1978, proceedings were suspended and defendant was placed on probation for a period of three years on various conditions including serving the first year in the county jail.

"Stay of execution" was granted to 1:30 p.m. on July 12, 1978 "pending posting of an appeal bond." Bail on appeal was set at $2,000, evidence of the bond to be filed July 12, 1978, at 1:30 p.m. Defendant was released on his own recognizance pending the posting of the appeal bond on the indicated date.

A common sense reading of that judgment leads to the single conclusion that the trial judge stayed the execution of the *entire* judgment on condition that the defendant post an appeal bond of $2,000 by the indicated date. There is no mention in the judgment or the stay of execution that the stay or the appeal bond applied only to the one portion of the judgment.

There is nothing in the nature of an appeal bond guaranteeing defendant's submission to the court processes which compels the conclusion that it is applicable only to portions of the judgment dealing with confinement. (Cf. *In re Osslo* (1958) 51 Cal.2d 371 [334 P.2d 1], where the prosecution was making an argument similar to the defendant here.) Penal Code section 1272 provides that a defendant may be admitted to bail on appeal from a judgment imposing a fine only.

Since the entire judgment here was suspended pending appeal, the time of probation only began to run at the time of the issuance of the remittitur and the trial court lacked jurisdiction in the interim to modify the judgment. Hence, when the trial court resumed jurisdiction it was well within its powers when it ordered the original probationary judgment into effect.

Petition for writ of habeas corpus denied.

Roth, P. J., and Beach, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 15, 1982. Bird, C. J., and Kaus, J., were of the opinion that the application should be granted.