[No. AO19581. First Dist., Div. Four. July 11, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
REX ORPILLA MARIANO, Defendant and Appellant.

[No. AO20040. First Dist., Div. Four. July 11, 1983.]

In re REX ORPILLA MARIANO on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

*Issues B and D are not certified for publication pursuant to California Rules of Court, rules 976 and 976.1.

**COUNSEL**

Rick L. Ames for Defendant and Appellant and Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ann K. Jensen and Morris Lenk, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COOK, J.**\*—Rex Orpilla Mariano appeals from a judgment, entered subsequent to an earlier appeal, whereby he was sentenced to a five-year term of imprisonment on his earlier conviction of kidnaping. (Pen. Code, § 207.)[1]

Imposition of sentence for that offense had been stayed by the trial court at the time of sentencing for another offense, following a jury trial in August 1980, in which he had been found guilty of both offenses.

Mariano has also filed a petition for a writ of habeas corpus. By prior order of this court the petition will be considered herein with the appeal.

### I. *The Trial and the Prior Appeal*

Appellant was convicted of kidnaping (§ 207) and assault with intent to commit rape, oral copulation or sodomy (§ 220). The jury further found he

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Unless otherwise indicated further statutory references will be to the Penal Code.

had used a knife in the commission of the kidnaping. (§ 12022, subd. (b).) On September 25, 1980, the trial court denied probation and ordered appellant to serve a midterm sentence of four years for assault with intent to commit rape and an additional year for the weapon enhancement. It stayed imposition of sentence on the kidnaping conviction. Mariano appealed this judgment and petitioned for a writ of habeas corpus.

In an unpublished opinion, filed April 23, 1982, Division Three of this court affirmed the conviction of kidnaping. It modified the conviction of assault with intent to commit rape to simple assault (§ 240) and, as modified, affirmed the conviction. It further held the trial court had erroneously enhanced the assault sentence on the basis of the weapon finding as that enhancement had been pleaded and proven only with respect to the kidnaping. The appellate court remanded the cause for resentencing. It denied the petition for habeas corpus. A remittitur issued accordingly on June 23, 1982.

On July 26, 1982, the trial court resentenced appellant. It denied probation and imposed the midterm of five years on the conviction for kidnaping on which imposition of sentence had previously been stayed. It stayed imposition of sentence on the assault conviction and use enhancement.

## II. *The Offense*

At 1 a.m. on March 6, 1980, appellant accosted a 20-year-old woman at an intersection in Daly City. He drew a knife and ordered her into his car. He drove to a high school parking lot where he told her they were "going to have a little fun." The victim opened the door on the passenger side, "trying to struggle out." The assailant grabbed her, scratching her neck; however, she succeeded in breaking free from him and fleeing from the car. She ran to her mother's house, a few blocks away, and contacted the police.

## III. *The Issues*

Appellant submits the following claims of error:

A. That the trial court exceeded its jurisdiction in imposing sentence on the kidnaping charge after the stay of imposition of sentence became permanent.

B. That the term of five years imposed at the resentencing penalizes him for his original appeal.

C. That the court's failure to order a supplemental probation report prior to the resentencing did not give him the benefit of "more recent, possibly mitigating" circumstances considered.

D. That the imposition of the midterm sentence for kidnaping was an abuse of discretion.

## IV. *Discussion*

A. The original stay of sentencing did not become permanent upon issuance of the remittitur.

In the original sentencing proceeding, the court imposed a four-year term for assault with intent to commit rape and a one-year enhancement for use of a knife. The court provided that its stay of imposition of sentence on kidnaping would become permanent upon the completion of defendant's appeal or of his sentence on the assault count. (See *People v. Miller* (1977) 18 Cal.3d 873, 886 [135 Cal.Rptr. 654, 558 P.2d 552]; *People v. Murphy* (1980) 111 Cal.App.3d 207, 210-212 [168 Cal.Rptr. 423].) Frequently, a court sentences on all counts and stays *execution* of sentence on a certain count or counts. (See *People v. Williams* (1975) 51 Cal.App.3d 65, 66-67 [123 Cal.Rptr. 891]; *People v. Utter* (1973) 34 Cal.App.3d 366, 368 [108 Cal.Rptr. 909]; *People v. Niles* (1964) 227 Cal.App.2d 749, 752-756 [39 Cal.Rptr. 11].) Here, the court instead stayed *imposition* of sentence for kidnaping. *In re Black* (1967) 66 Cal.2d 881, 889 [59 Cal.Rptr. 429, 428 P.2d 293], recognizes "suspending the pronouncement of judgment" as an alternative means by which a court may retain sentencing jurisdiction with respect to a conviction. (See *People v. Vallerga* (1977) 67 Cal.App.3d 847, 855 [136 Cal.Rptr. 429]; see also *People v. Villegas* (1971) 14 Cal.App.3d 700, 703-704 [92 Cal.Rptr. 663].) Appellant's argument is that, by the court's choice of the following language during the original proceeding, it unwittingly divested itself of jurisdiction to resentence him on the kidnaping count on remand; "On count I, the kidnapping charge, I'm going to stay the imposition of sentence pending successful completion of the sentence imposed on count II, for [*sic*] the completion or termination of any appellate process, and once either or both of those are completed, then the imposition of sentence on count I will be stayed permanently."

It was unquestionably the court's intent through this language to provide for precisely the type of contingency which ultimately occurred—an appellate disposition requiring resentencing. Appellant, however, maintains the court did not recite the proper litany. He argues that the "appellate process" was terminated upon the issuance of the remittitur and that consequently by the time the court arraigned appellant for resentencing the stay of sentence

on the kidnaping conviction had become permanent. The court itself did not so interpret its previous statement: "The logic of it [is] we use that phraseology constantly in almost every sentencing when we are in essence saying if an appellate court reverses us on that particular sentence, then we can fall back onto the other count. . . . The whole purpose was to protect the sentencing process . . . in case there was error. In this case there was error obviously."

We agree with the trial court's interpretation of the provisions of the original stay. ■ Where an appellate court affirms or reverses a judgment outright, the "appellate process" is ordinarily complete upon the issuance of a remittitur. Where, instead, the appellate court includes in its disposition specific directions to the trial court to conduct certain additional proceedings, the "appellate process" is not truly complete until the trial court carries out those instructions although the appellate decision itself becomes final on the date of the issuance of the remittitur.

■ The purpose of staying a sentence pending completion of an appeal is to retain jurisdiction over that sentence until the judgment becomes final. (See *People* v. *Harris* (1980) 105 Cal.App.3d 204, 207 [164 Cal.Rptr. 296].) Here, the appellate court affirmed the conviction of kidnaping and the modified conviction of assault, but did not expressly "affirm" the judgment because it was defective in two respects—it reflected imposition of the use enhancement and of a sentence for assault with intent to commit rape. Consequently, the court ordered "the matter is remanded for resentencing." Thus, at the time of resentencing, the original judgment had neither been voided by a reversal nor become final by an affirmance. As there was no final judgment at that time, the "appellate process" continued while the trial court complied with directions of the appellate court transmitted to it by the remittitur. Consequently, the stay of sentencing for kidnaping had not become permanent as of that time. As appellant's conviction for assault with intent to commit rape had been improper and the sentence imposed on that count unauthorized by law, imposition of sentence on the previously stayed count was proper on remand. (*People* v. *Cabral* (1975) 51 Cal. App.3d 707, 716-719 [124 Cal.Rptr. 418].)

Appellant argues in the alternative that the stay had become permanent as of the time of resentencing, as he had served a prison sentence in excess of the term prescribed for simple assault. The court in the former proceeding stayed sentencing on kidnaping pending completion of the sentence *then imposed* on the other count—four years for assault with intent to commit rape and one year for the use enhancement. The appellate court modified to simple assault the conviction on this charge but by its disposition did not alter the sentence. Instead, it remanded the cause to the trial court for the

purpose of correcting the sentencing errors. Thus, at the time of the proceedings upon remand, appellant remained under a sentence of five years. In short, at the time of resentencing, neither of the contingencies stated in the original stay order—completion of the five-year sentence or termination of the appellate process—had yet occurred. Consequently, the trial court was free to revoke the stay and impose sentence for kidnaping. (*People* v. *Cabral, supra,* 51 Cal.App.3d 707, 719.)

B.*

" . . . . . . . . . . . . . . . . . . . . . . .

C. The court's failure to order a supplemental probation report was error.

In the original sentencing proceeding, the court considered and denied appellant's request for probation. It also stated its disagreement with the recommendation of the probation report that he be committed to the Youth Authority. As noted earlier, it imposed a prison sentence of four years for assault with intent to commit rape and an additional year for use of a deadly weapon, and stayed imposition of sentencing for kidnaping. The court ordered execution of sentence to commence immediately and directed the sheriff to deliver the defendant into the custody of the Department of Corrections.

During the resentencing hearing on remand, defense counsel requested preparation of a new probation report evaluating the desirability of probation or commitment to the Youth Authority in light of the defendant's performance during his two years' imprisonment. The court did not specifically rule on this request; however, it subsequently stated that it had read the original probation report and remained convinced that commitment to state prison for "the mid-term of a serious felony" was the most appropriate disposition. In its minute order the court recorded its denial of probation.

■ The probation report, on which the court relied, was over two years old at the time of resentencing. Further, at the time it was prepared appellant stood convicted of two felonies—kidnaping with use of a deadly weapon and assault with intent to commit rape. On remand he stood convicted of kidnaping with use of a deadly weapon and simple assault, a misdemeanor; further, he had already served a prison sentence in excess of the maximum prescribed for the latter offense. The court did not have before it at the time of sentencing a report which evaluated sentencing options in the context of

---

*Issue B is not certified for publication pursuant to California Rules of Court, rules 976 and 976.1.

the less grave position in which the appellate disposition placed appellant. Finally, as the court denied sub silentio his request for probation and for preparation of a supplemental report, the record contains no express finding by the court that this was not an "unusual case" in which justice would be served by a grant of probation despite appellant's use of a weapon in the commission of the offense. (§ 1203, subd. (e); cf. *People* v. *Ware* (1966) 241 Cal.App.2d 143, 144-145 [50 Cal.Rptr. 252]; see also *People* v. *Cabral, supra,* 51 Cal.App.3d 707, 719.) In these circumstances, the court was obliged to obtain a supplemental probation report if, at the time of resentencing, it had authority to consider alternative dispositions to imprisonment such as probation or commitment to the Youth Authority. (*People* v. *Rojas* (1962) 57 Cal.2d 676, 680-682 [21 Cal.Rptr. 564, 371 P.2d 300]; *People* v. *Smith* (1968) 259 Cal.App.2d 814, 825-826 [66 Cal.Rptr. 551]; *People* v. *Keller* (1966) 245 Cal.App.2d 711, 715-718 [54 Cal.Rptr. 154]; *People* v. *Causey* (1964) 230 Cal.App.2d 576, 579-580 [34 Cal. Rptr. 43]; see also *In re Gomez* (1973) 31 Cal.App.3d 728, 733 [107 Cal. Rptr. 609]; *People* v. *McCullin* (1971) 19 Cal.App.3d 795, 800-802 [97 Cal.Rptr. 107]; *People* v. *Villegas, supra,* 14 Cal.App.3d 700, 704-705; *People* v. *Norton* (1978) 80 Cal.App.3d Supp. 14, 27 [146 Cal.Rptr. 343].)

Respondent maintains that on remand the court lacked jurisdiction to consider an application for probation as, at the original sentencing proceeding, the court did not stay execution of judgment pending appeal but ordered appellant committed to the Department of Corrections to begin serving his sentence. "As long as the trial court retains in itself the actual or constructive custody of the defendant and the execution of his sentence has not begun, it retains jurisdiction over the defendant and the res of the action and possesses the power to entertain and act upon an application for probation even after the affirmance of a judgment of conviction on appeal and the going down of the remittitur. [Citations.] 'The critical requirement for control over the defendant and the res of the action is that the court shall not have surrendered its jurisdiction in the premises by committing and delivering the defendant to the prison authority.' [Citation.]" (*In re Black, supra,* 66 Cal.2d 881, 888; see also *In re Kennick* (1982) 128 Cal.App.3d 959, 962-963 [180 Cal.Rptr. 731]; *In re Stallings, supra,* 5 Cal.App.3d 322, 329.)

Since appellant began serving a prison sentence and the appellate court subsequently affirmed his conviction of kidnaping, respondent concludes the trial court lacked authority on remand to consider alternatives to imprisonment. This formulation oversimplifies the sequence of judicial actions affecting appellant's sentence. ■ Where a defendant begins serving a prison sentence and the judgment is subsequently affirmed on appeal, the trial court lacks jurisdiction to grant probation or otherwise to modify the sen-

tence. (*In re Kennick, supra,* 128 Cal.App.3d 959; *In re Stallings, supra,* 5 Cal.App.3d 322.) Similarly, where a defendant is committed to prison to begin serving terms imposed on more than one conviction and the appellate court reverses, modifies or remands with respect to only one conviction, the trial court cannot entertain an application for probation as it has lost jurisdiction over or constructive custody of the defendant with respect to any affirmed conviction for which he has commenced serving his sentence. (*People v. Colbert* (1970) 6 Cal.App.3d 79, 85 [85 Cal.Rptr. 617].) Neither of these rules describes the instant case. As reflected in both the transcript and abstract of judgment of the original sentencing proceeding, the court sentenced appellant on the assault with intent to commit rape conviction and weapon enhancement and "stay[ed] imposition of sentence" on kidnaping.

■ *Black* recognizes that the rule barring reconsideration of probation on remand following affirmance of a conviction is inapplicable where the trial court has not previously ordered execution of judgment to commence. "The uncontradicted facts of the instant case indicate no intention on the part of the trial court to retain jurisdiction over petitioner. The record reflects no steps taken to retain jurisdiction under the probation statutes either (1) by pronouncing judgment and suspending its execution or (2) by suspending the pronouncement of judgment. [Citations.]" (*In re Black, supra,* 66 Cal.2d 881, 889.) Typically a judgment is either executed or stayed in its entirety; however, a court may expressly specify that only a portion of it shall be stayed and the remainder executed. (*In re Kennick, supra,* 128 Cal.App.3d 959, 963.) *People v. Colbert, supra,* 6 Cal.App.3d 79, discusses this subject in the context of a court's jurisdiction on remand to consider probation. There, the appellate court remanded for resentencing on two of three counts; the defendant urged the panel to require resentencing on the third count as well to enable the trial court to reconsider its earlier denial of probation in light of the modifications on appeal of the other two counts. *Colbert* holds that a trial court's authority to consider a request for probation on remand depends upon whether execution of sentence has begun with respect to the affirmed count:

"The record before this court does not indicate whether defendant has started to serve the sentence on count I. If that is not the case, the trial court needs no permission from us to reconsider defendant's application for probation on count I. [Citations.]

"If, on the other hand, defendant has started to serve the sentence on count I, it is the general rule that the trial court's jurisdiction to grant probation ceases. [Citation.] We have found no authority to support the

proposition that jurisdiction to grant probation, once denied, revests, where a defendant, on appeal, obtains a favorable result as to some counts, but not as to others." (*Id.*, at p. 85.)

The instant record discloses that at the time of resentencing appellant had not yet begun to serve a sentence for kidnaping. Indeed, no sentence on that count was even imposed until the proceedings on remand. The latter circumstance distinguishes this case from *People* v. *Bond* (1981) 115 Cal.App.3d 918 [172 Cal.Rptr. 4], on which respondent relies. In *Bond,* the court imposed midterm sentences on two convictions; pursuant to Penal Code section 1170.1, subdivision (a), it directed that the defendant serve only a third of the midterm on the second of those offenses. On remand following appeal, the first conviction was vacated and the trial court imposed the full midterm on the second offense. The appellate court affirmed, holding that, upon dismissal of the first count, the stay of two-thirds of the midterm on the second conviction "terminated *eo instante*" by operation of law. (*Id.*, at p. 922.) Here, the court originally stayed imposition of sentence on kidnaping. It did not impose a sentence and stay all or part of its execution. Consequently, there was no stayed or partially stayed sentence on kidnaping which could come to life upon issuance of the remittitur modifying the assault with intent to commit rape conviction.

Obviously, the appellate court's modification from a felony to a misdemeanor of the assault conviction revested the trial court with sentencing jurisdiction with respect to that count. (*People* v. *Colbert, supra,* 6 Cal. App.3d 79, 85.) Further, appellant had already served a prison sentence in excess of that prescribed for assault; therefore, consideration of probation was not barred on the ground that the Department of Corrections retained lawful custody over him for the immediate future. (See generally *People* v. *Munoz* (1975) 51 Cal.App.3d 559, 566-567; *People* v. *Girard* (1971) 15 Cal.App.3d 1005, 1009, fn. 4 [93 Cal.Rptr. 676].) Most important, as appellant was not presently serving a sentence for kidnaping, the trial court at the time of remand had jurisdiction to consider his request for probation or another alternative disposition, such as commitment to the Youth Authority.

At the time of resentencing, the court had authority to consider alternatives to imprisonment for kidnaping; thus, appellant was entitled to preparation of a current report to guide the court in pronouncing judgment. (*People* v. *Rojas, supra,* 57 Cal.2d 676, 680-683.) The trial court has twice indicated that it considers a prison term of five years the most appropriate sentence for this offender. ▮ Nonetheless, where a current probation report is required, that right is considered fundamental and its abridgement

is generally treated as reversible error. (*Id.*, at pp. 682-683; *People* v. *Keller, supra,* 245 Cal.App.2d 711, 715-718; *People* v. *Causey, supra,* 230 Cal.App.2d 576, 579-580.) ▮ Consequently, the failure of the trial court to obtain a supplemental report before imposing sentence for kidnaping requires this court to reverse the judgment and remand for resentencing. In requiring consideration of appellant's request for placement under a rehabilitative, rather than punitive, regimen and for preparation of a supplemental report evaluating the sentencing options available to the court, we of course imply no opinion with respect to the merits of such application. (*People* v. *Keller, supra,* 245 Cal.App.2d 711, 718.)

As this disposition will require the trial court ultimately to pronounce a new judgment, it is unnecessary to reach here appellant's contention that the instant abstract of judgment does not accurately credit him for time served prior to resentencing. In the event that, upon this remand, the trial court again imposes a term of imprisonment, its abstract of judgment shall reflect all time served up to the date of that judgment. (See *People* v. *Contreras* (1981) 127 Cal.App.3d 248, 253-254 [176 Cal.Rptr. 589]; *People* v. *Dominguez* (1981) 121 Cal.App.3d 481, 509-510 [175 Cal.Rptr. 445].)

D.*

. . . . . . . . . . . . . . . . . . . . . .

It is not our intention that this opinion be construed as expressing our views on the merits of whether appellant should or should not be granted probation. That lies in the sound discretion of the trial court. We only assert that the *Rojas* rule establishes an important procedural right to a current probation report.

Portions of this opinion, designated as issues B and D, are not certified for publication. (Cal. Rules of Court, rules 976 and 976.1.)

The judgment is reversed for the sole purpose of remanding the cause with directions to the trial court to obtain a current probation report and thereupon to resentence the defendant as that court may determine, consistent with this opinion.

---

*Issue D is not certified for publication pursuant to California Rules of Court, rules 976 and 976.1.

The petition for habeas corpus is denied.

Caldecott, P. J., and Rattigan, J., concurred.