UNITED STATES of America,
Plaintiff-Appellee,

v.

David William MERCHANT,
Defendant-Appellant.

No. 83–1135.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 1984.

Decided May 14, 1985.

---

John F. Penrose, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Christina Arguedas, Penelope M. Cooper, Cooper, Newhouse, Hertz & Lyons, Berkeley, Cal., for defendant-appellant.

Before MERRILL, FLETCHER, and CANBY, Circuit Judges.

FLETCHER, Circuit Judge:

David Merchant appeals his conviction for manufacturing PCP. He challenges the district court's denial of his motion to suppress laboratory equipment and chemical supplies seized by law enforcement officers during a warrantless search ostensibly conducted pursuant to a condition of his state probation. Merchant contends the district court erred in finding that he was on probation at the time of the search. We reverse.

## I. BACKGROUND

On November 14, 1980, Merchant was convicted in state court on two counts of brandishing firearms in violation of Cal.Penal Code § 417 (West 1970 & Supp.1985). The state court suspended imposition of sentence and placed Merchant on three years probation. As a condition of probation, Merchant was required to serve eighteen months in jail, twelve months suspended. The court also conditioned Merchant's probation on his consent to searches by probation or law enforcement officers and

on the requirement that he not possess any weapons.

Merchant protested the jail detention as unduly harsh, and after some discussion, Merchant's counsel stated his intention to appeal. The court granted a stay of the sentence pending the outcome of Merchant's appeal. No probation officer was ever assigned to Merchant's case.

On February 11, 1981, the assistant district attorney who prosecuted the state action moved for a clarification or modification of the stay. On February 27, the sentencing judge granted the prosecution's motion, stating, "[D]efendant will be reinstated on the terms of probation." Merchant was not present at the hearing. His counsel was present but did not object to the motion.

Four days later, the assistant district attorney and nine state law enforcement officers went to Merchant's home to execute a civil judgment and conduct a probation search. When the officers arrived, Merchant protested that he was not on probation and would not give permission to search. The officers permitted Merchant to phone his attorney, who told the assistant district attorney that Merchant had not received notice of the sentencing judge's February 27 order.

Despite the protests of Merchant and his attorney, the officers conducted a thorough search of the residence. They found over eighty firearms. They also found chemical equipment and supplies for manufacturing phencyclidine ("PCP"). At this point, the officers halted the search and obtained a telephonic search warrant. Thereafter, the officers found other evidence of PCP manufacturing.

Based on the evidence obtained in the search, a federal grand jury indicted Merchant for manufacturing PCP, 21 U.S.C. § 841(a)(1) (1982), possessing PCC[1] with

intent to manufacture PCP, 21 U.S.C. § 841(b)(5), and possessing piperidine with intent to manufacture PCP, 21 U.S.C. § 841(d).

Merchant moved to suppress the PCP evidence seized in the search of his house. After an evidentiary hearing, the district court denied the motion, finding that Merchant was on probation at the time of the search and had been on probation since November 14, 1980. Alternatively, the court held that even if Merchant was not on probation, the officers' reasonable good faith belief that Merchant was subject to a probation search precluded the application of the exclusionary rule.

Merchant was tried on stipulated facts on the manufacturing PCP count, found guilty, and sentenced to ten years imprisonment, a special parole term of seven years, and a $25,000 fine.

## II. DISCUSSION

### A. Merchant's Probation

Whether Merchant was on probation when the state officers searched his house turns on whether the state court judge stayed the entire sentencing order or only that portion imposing a jail term as a condition of probation. The district court held that Merchant had been on probation since November 14, 1980, because it found that the state judge intended to stay only the jail sentence. This issue is governed by state law. *See United States v. Johnson,* 722 F.2d 525, 527 (9th Cir.1983) (validity of state probation condition is governed by state law).

In its November 14 order, the state court sentenced Merchant to a three-year prison term, suspended; a three-year term of probation, effective immediately; and a six-month jail term,[2] as a condition of

---

**1.** "PCC" is an abbreviation for 1-piperidinocyclohexanecarbonitrile, a Schedule II controlled substance. *See* 21 C.F.R. § 1308.-12(f)(2) (1984).

**2.** Under California law, when jail detention is ordered as a condition of probation, the jail

term is not regarded as a sentence in itself, but rather as part of the supervised effort towards rehabilitation. *Petersen v. Dunbar,* 355 F.2d 800, 802 (9th Cir.1966); *In re Kennick,* 128 Cal. App.3d 959, 963, 180 Cal.Rptr. 731 (1982).

probation.[3] At that hearing, Merchant and his attorney protested the probation order as unduly harsh. Merchant's attorney stated, "What I would like to do, you Honor, I do feel strongly about the second count so I would like to file a Notice of Appeal, if I could at this time." The trial judge responded, "Yes. The sentence will be stayed pending your appeal."

The government contends that when Merchant's attorney referred to the "second count," he was indicating his intention to appeal only the six-month jail confinement, and when the judge responded that the sentence would be stayed, he too was referring only to the jail term. In light of *In re Kennick,* 128 Cal.App.3d 959, 180 Cal.Rptr. 731 (1982), we disagree.

In *Kennick,* the California Court of Appeal held that a stay of execution of a judgment stays the entire judgment, unless the trial court specifies otherwise. 128 Cal. App.3d at 963. That case, like the one before us, involved whether a trial judge had stayed both probation and a jail term or only the latter. The court concluded that an intention to stay the jail term by itself cannot be assumed; there must be "a specific statement of the trial court to that effect." *Id.*

We do not find any such specific statement in the record before us. The trial judge stayed "the sentence;" we cannot speculate that he meant to stay only the jail term. Moreover, at no time from the November 14 hearing to the date of the search was Merchant ever assigned a probation officer or required to report to one. And finally, when the state court granted the prosecution's motion for modification or clarification of Merchant's probation terms it stated that it was "reinstat[ing]"

the probation, and not that it had been in effect all along.

These facts, viewed in light of *Kennick,* compel us to conclude that the probationary terms did not go into effect at the November 14 sentencing. The district court's conclusion to the contrary was error.

■ We next consider the effect of the state court's February 27 order. The court's stay of execution divested it of jurisdiction to modify the judgment during the pendency of the appeal, *Kennick,* 128 Cal. App.3d at 962, 180 Cal.Rptr. 731, but did not divest it of jurisdiction to revoke the stay of execution, *Stuart v. Superior Court,* 94 Cal.App.3d 182, 184–85, 156 Cal. Rptr. 289, 291 (1979). However, the court's attempt to modify the stay was ineffective because Merchant was not given adequate notice.

When the assistant district attorney moved for a modification or clarification of the probation terms, she notified Merchant's attorney, but did not notify Merchant. At the motion hearing, Merchant's attorney was present, but Merchant was not. No waiver of his presence appears in the record. The motion argument occurred on a Friday and the search was conducted just four days later, on Tuesday. During the interim, the assistant district attorney apparently did not make any effort to contact Merchant, and Merchant's attorney did not contact him either. Merchant had no idea that his probation had been "reinstated" or that he was subject to a warrantless search until the officers arrived at his door.

■ Notice is perhaps the most fundamental of due process rights. *See Morris-*

---

**3.** The sentence was as follows:

> THE COURT: Well, I am going to impose sentence at this time. I am going to place the Defendant on three years of formal probation. As a condition of probation Defendant is to— will receive a one year jail sentence for violation of 417(b) of the Penal Code. That sentence will be suspended. The Court will impose a jail sentence of six months on the violation of Section 417 which sentence is to be served as a condition of probation which

> means there will be a total of eighteen months and twelve months will be suspended. One of the conditions of probation will be that the Defendant submit his person, residence or vehicle to search and seizure at any time of the day or night by a peace officer with or without a warrant. As having in the probation report [sic] to participate in a counseling program as directed by the Probation Officer and not to possess any firearms during the period of probation.

sey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (notice is one of the "minimum requirements of due process"); Groppi v. Leslie, 404 U.S. 496, 502, 92 S.Ct. 582, 586, 30 L.Ed.2d 632 (1972); Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957); Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934); see also Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233, 17 L.Ed. 531 (1864) ("Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified."). The principle of adequate notice is interwoven throughout our system of criminal justice. It applies at all stages of a criminal prosecution, from institution of criminal proceedings, see, e.g., Salinas v. United States, 277 F.2d 914, 916 (9th Cir. 1960) (due process requires that an indictment be sufficiently clear to apprise accused of the crime charged), to sentencing, see, e.g., Gardner v. Florida, 430 U.S. 349, 358, 362, 97 S.Ct. 1197, 1204, 1206, 51 L.Ed.2d 393 (1977) (plurality opinion) (denial of due process to sentence defendant to death on basis of presentence report he was not allowed to see).

▇▇▇ In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court held that the loss of liberty entailed in a probation revocation hearing is a serious deprivation requiring that the probationer be accorded due process protections. Id. at 781–82, 93 S.Ct. at 1759. Although a probationer is not entitled to the full panoply of trial-type protections, he is entitled to a preliminary probable cause hearing and a more comprehensive final revocation hearing. Id. at 786, 93 S.Ct. at 1761. The probationer must be given notice of each hearing and an opportunity to be heard at each. Id.

Several other circuits have concluded, however, that Gagnon does not apply in the context of a proceeding to extend probation. These courts have held that the

liberty interest at stake in an extension proceeding is less significant than in a revocation proceeding, and, therefore, a preextension hearing is not a constitutionally mandated right. See, e.g., Forgues v. United States, 636 F.2d 1125, 1127 (6th Cir.1980) (per curiam); United States v. Cornwell, 625 F.2d 686, 688 (5th Cir.), cert. denied, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 610 (1980); United States v. Carey, 565 F.2d 545, 547 (8th Cir.1977) (per curiam), cert. denied, 435 U.S. 953, 98 S.Ct. 1582, 55 L.Ed.2d 803 (1978); Skipworth v. United States, 508 F.2d 598, 601 (3d Cir. 1975).[4]

We deal here with neither a revocation nor an extension of probation, but with what amounted to an initial imposition of probation. The liberty interests at stake here are not as significant as those involved in a revocation proceeding, for the February 27 order did not make Merchant immediately subject to incarceration. But they are considerably more significant than those involved in an extension proceeding, for Merchant was not subject to any restrictions on his liberty prior to the court's order.

▇▇▇ The terms of Merchant's probation imposed substantial burdens on his fourth amendment rights to be free from unreasonable searches and seizures. The terms of probation required Merchant to submit to searches at any time, by any law enforcement officer, with or without probable cause. Such terms impose a substantial burden on a fundamental right. This was a sufficient intrusion upon Merchant's liberty to require that he be given notice.

We find support for our conclusion in Wheeler v. United States, 640 F.2d 1116 (9th Cir.1981). There, the trial court issued an order restricting Wheeler's correspondence privileges in prison, in order to protect several trial witnesses from harrassment. Wheeler was not notified that the order had been sought, was not present when the court issued the order, and was

---

**4.** However, in three of these four cases, the courts, under their supervisory powers required notice and hearings for all future extensions of probation. Forgues, 636 F.2d at 1127; Cornwell, 625 F.2d at 689; Skipworth, 508 F.2d at 602–03.

not formally notified of the order until four years after it was issued. *Id.* at 1118. This court concluded that the order imposed a substantial burden on Wheeler's first amendment rights, and, therefore, due process required that "[u]nless the circumstances were unusually compelling, the trial court should have held a hearing, with prior notice to Wheeler, before it issued the order." *Id.* at 1122 (footnote omitted).

The government contends that because Merchant's attorney was present at the February 27 hearing, "it was certainly reasonable ... to infer that [Merchant] was aware" of the court's order before the search was conducted. We cannot be satisfied with inferences of notice; we must have proof of it. Merchant's counsel admits that he did not notify Merchant. Nor does the government assert that state authorities made any efforts to notify Merchant directly.

■■■ The right to notice under the fifth and sixth amendments is personal to the defendant. *See Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); *cf. Wheeler*, 640 F.2d at 1118 & n. 3, 1122–23 (notice and hearing required before prisoner's correspondence privileges restricted even though prisoner probably was aware of restriction shortly after it was imposed). Moreover, a defendant has a constitutional right to be present at all stages of a criminal proceeding against him. *See Bustamante v. Eyman*, 456 F.2d 269, 272–73 (9th Cir.1972). This right is protected by rule in federal courts, Fed.R.Crim.P. 43, and by statute in California, Cal.Penal Code § 1043 (West 1970 & 1984 Supp.). Merchant was not present at

the February 27 hearing, the record does not show any waiver, and the court did not even inquire about his absence. Notice to and the presence of Merchant's attorney does not suffice.[5]

Finally, we find no reasons why Merchant could not have been notified of the motion or the February 27 hearing. Merchant had not absconded after the initial sentencing; the state authorities knew exactly where he was. The state could have contacted Merchant to tell him of the court's order, or could have postponed the search until it could be sure that Merchant had received notice from the court.

On the facts before us, we conclude that Merchant was not on probation on March 3, when the state authorities arrived to search his home. The absence of notice to Merchant renders the February 27 order a nullity.

*B. Reasonableness of Officers' Conduct*

The district court alternatively held that even if Merchant was not subject to probation on March 3, the search conducted on that date was still valid because the state authorities relied in good faith on the state court's February 27 order. We disagree.

■■■ The Supreme Court established the so-called "good faith" exception to the exclusionary rule in *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Leon* held that a court should admit all evidence obtained by an officer acting in reasonable reliance on a search warrant[6] issued by a neutral and detached magistrate. The standard is *objective reasonableness;* subjective good faith is not enough. *Id.* —— U.S. at ——, 104 S.Ct. at

---

5. We need not decide whether Merchant's presence was required at the February 27 hearing, because we decide that the failure to give him notice of that hearing invalidated the order. We allude to the constitutional right of a defendant to be present at proceedings against him as support for our conclusion that the defendant, not merely his counsel, must be given notice.

6. In this case, the initial entry and search were warrantless. In analyzing this case under *Leon*, we do not suggest that the "good faith" excep-

tion applies beyond the warrant context. Courts have rejected extension of the good faith rule to warrantless searches. *See, e.g., United States v. Morgan*, 743 F.2d 1158, 1165 (6th Cir. 1984); *United States v. Rule*, 594 F.Supp. 1223, 1238–39 (D.Maine 1984); *see also* Note, *Leading Cases of the 1983 Term*, 98 Harv.L.Rev. 87, 115–18 (1984). Because we decide here that the state authorities' conduct was not objectively reasonable, the evidence should be suppressed regardless of whether a *Leon* good-faith analysis is applicable.

3421 & n. 23.[7] Applying de novo review, *United States v. Hendricks,* 743 F.2d 653, 656 (9th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1362, 84 L.Ed.2d 382 (1985), we conclude that the officers' conduct in the present case was not objectively reasonable.

The facts show that none of the law enforcement officers reasonably could have believed that the search related to the interests of effective probation supervision. *See United States v. Johnson,* 722 F.2d 525, 528 (9th Cir.1983). There is no showing that the state ever made any efforts toward rehabilitating Merchant. He did not receive supervision or counseling. In fact, he was never even assigned a probation officer.

The search was conducted because the assistant district attorney had received reports of gunfire on Merchant's property. After receiving the reports, she did not contact the probation department but instead filed the motion for clarification or modification of Merchant's probation. She did not inform the court of Merchant's suspected activity, nor of her earlier conversations with law enforcement officers about conducting a search of Merchant's residence if the probation search condition was

in effect.[8] The search was hastily organized shortly after the order was issued.

These facts strongly suggest that the search was a subterfuge for conducting a criminal investigation. We have condemned the practice of using a search condition imposed on a probationer as a broad tool for law enforcement. *See Johnson,* 722 F.2d at 527; *Latta v. Fitzharris,* 521 F.2d 246, 251–52 (9th Cir.) (en banc), *cert. denied,* 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975); *cf. United States v. Jarrad,* 754 F.2d 1451, 1453–54 (9th Cir. 1985) (parole search upheld because parole officer was not acting as a "stalking horse" for police investigation). Because the search here clearly was not a genuine attempt to enforce probation but apparently had a motive of avoidance of Fourth Amendment requirements, it is the type of law enforcement conduct that ought to be deterred. Consequently, the exclusionary rule applies with full force. *See Leon,* — U.S. at ——, 104 S.Ct. at 3419.[9] Therefore, the laboratory equipment and chemical supplies seized during the search must be suppressed.[10]

### III. CONCLUSION

We conclude that Merchant was not on probation on March 3 when the state offi-

---

**7.** *Leon* has been applied retroactively in this circuit, albeit without discussion of the retroactivity issue. *United States v. Hendricks,* 743 F.2d at 653, 656 (9th Cir.1984). The Eighth Circuit has considered the issue and expressly decided that *Leon* should be given retroactive effect. *United States v. Sager,* 743 F.2d 1261, 1263–65 (8th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1196, 84 L.Ed.2d 341 (1985).

**8.** In the absence of an assigned probation officer, it was the sentencing judge who retained the power to require supervision of the probationer, to punish violations of the conditions, and to revoke probation. *In re Osslo,* 51 Cal.2d 371, 334 P.2d 1 (1958).

**9.** The government additionally argues that two California cases, *People v. Washington,* 131 Cal. App.3d 434, 186 Cal.Rptr. 3 (1982), and *People v. Tellez,* 128 Cal.App.3d 876, 180 Cal.Rptr. 579 (1982), support their argument that the conduct in this case falls within the good faith exception to the exclusionary rule. We disagree.

In *Tellez* and *Washington,* officers conducted probation searches after the probations had

ended, but believing that they were still in effect. The courts admitted the evidence seized on the basis that the officers reasonably had relied on representations of probation officers and of the probationers themselves that the probations were still in effect.

We have a different situation. Merchant and his attorney loudly protested that probation was not in effect. Merchant had *never* been on probation and he had no reason to believe that he was on probation on March 3. The state authorities not only took no steps to notify Merchant of the "reconsideration" of his probation or the "reinstatement" order, they engineered the "reinstatement" in order to conduct the search.

**10.** The government has admitted that the search warrant, secured after the initial warrantless entry, was premised on information obtained as a result of the initial entry. Therefore, the evidence seized pursuant to the warrant was a "fruit" of the original illegality, and *all* the evidence must be suppressed. *Wong Sun v. United States,* 371 U.S. 471, 484, 83 S.Ct. 407, 415; 9 L.Ed.2d 441 (1963).

cers came to search his house because he was not given notice of the February 27 hearing at which his probation ostensibly was "reinstated." Additionally, we conclude that the officers' conduct was not objectively reasonable. Therefore, the evidence seized in the search must be suppressed.[11]

REVERSED.

**11.** We need not reach Merchant's alternative argument, that the consent to search clause of his probation violates the fourth amendment.