[Civ. No. 38870. First Dist., Div. Four. Aug. 12, 1976.]

FRANK FREYTES, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Marvin W. Friedman for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci, W. Eric Collins and Sanford Svetcov, Deputy Attorneys General, for Respondent and for Real Party in Interest.

**OPINION**

**CALDECOTT, P. J.**—Petitioner Frank Freytes seeks review of an order of the San Francisco Superior Court denying his motion to suppress evidence. (Pen. Code, § 1538.5.) Petitioner is charged with possession of heroin for sale (Health & Saf. Code, § 11351) and with possession of narcotic paraphernalia (Bus. & Prof. Code, § 4143, subd. (a)).

On December 4, 1975, San Francisco police officers received information that petitioner was dealing in heroin at his residence and had just received a large supply. The officers believed that petitioner was subject to a warrantless search of his person, residence and automobile as a condition of probation.

The officers went to petitioner's residence. Petitioner arrived shortly thereafter. The officers approached, advised him they were conducting a narcotics investigation and were going to search pursuant to the probation condition. Petitioner unlocked the door, the officers entered and searched and found a large amount of heroin and cocaine in a black purse on the floor of a bedroom closet. Petitioner spontaneously stated that the heroin was his and that he put it in the closet.

At the time of his arrest, petitioner was on probation, on a February 7, 1974, conviction, for driving under the influence of drugs (Veh. Code, § 23105) and driving while his license was suspended (Veh. Code, § 14601, subd. (a)). As a condition of probation he was sentenced to 90 days in the county jail, suspended, and two years probation, ordered to pay a $360 fine in monthly installments and he agreed to consent to a warrantless search "of his person, home, or vehicle, at any time, day or night, during the period of probation, by any police officer or probation officer, with or without probable cause."

On April 26, 1974, the court revoked petitioner's probation on its own motion and issued a bench warrant for his arrest because petitioner had failed to make the payments on his fine. At a hearing on May 15, 1974, the court recalled the bench warrant and restored petitioner to probation. At the conclusion of that hearing, petitioner was given a printed form entitled "Order Admitting Defendant To Probation To The Court." That form stated: "Defendant having been convicted of 23105 V.C. on the 15 day of May, 1974, and no legal cause being shown why judgment should not now be pronounced: IT IS HEREBY ORDERED that the

defendant be admitted to probation to the Court pursuant to the following order: b/w recalled restored to probation. Pay $100 today & $34 mo. thereafter. Bail $324." The form then listed six terms and conditions of probation, each of which had a box next to it. The form was signed by petitioner under the following statement: "The undersigned hereby certifies that he has read the foregoing Order for Probation and understands same and agrees to conduct himself strictly in accordance with said terms."

No mention was made in this document or in the court's minute order of a consent to a warrantless search, nor did the judge order that probation was restored on the same terms and conditions as the previous probation.

At the 1538.5 hearing, the subject of this petition, petitioner moved to suppress the contraband seized contending that he was not subject to a warrantless search as a valid condition of probation. The district attorney conceded that if there was no valid search condition to petitioner's probation, the search was illegal.

The validity of a search condition such as the one imposed on petitioner by the terms of his first probation has been repeatedly upheld. (*People* v. *Kern,* 264 Cal.App.2d 962, 964-965 [71 Cal.Rptr. 105]; *People* v. *Mason,* 5 Cal.3d 759, 764-766 [97 Cal.Rptr. 302, 488 P.2d 630], cert. den., 405 U.S. 1016 [31 L.Ed.2d 478, 92 S.Ct. 1289]; *People* v. *Turner,* 54 Cal.App.3d 500, 506-507 [126 Cal.Rptr. 652].)

I

Penal Code section 1203.12 provides that: "The probation officer shall furnish to each person who has been released on probation, and committed to his care, a written statement of the terms and conditions of his probation unless such a statement has been furnished by the court, and shall report to the court, or judge, releasing such person on probation, any violation or breach of the terms and conditions imposed by such court on the person placed in his care."

Once petitioner challenged the warrantless search, the burden is, of course, on the People to justify its legality. (*People* v. *Constancio,* 42 Cal.App.3d 533 [116 Cal.Rptr. 910].)

█ The record is not clear as to whether a written statement was given to petitioner at the February 1974 hearing. The judge apparently referred to a written statement during the hearing stating: "*Read this probation* carefully, so you will know what to do if you cannot pay the fine. . . ." The court also stated, "If you can't pay the fine, you *read that notice* and find out what to do." (Italics added.) The transcript does not include any direction of the judge that the record show that a copy of the section 1203.12 statement was received by petitioner, but it certainly implies as much. However, even if petitioner did not receive a written statement the terms and conditions were read to him by the judge and discussed with him in open court. He stated he understood them and agreed to abide by them. The petitioner unquestionably freely, voluntarily and knowingly consented to the warrantless search condition and does not claim otherwise. Furthermore, the right to the written statement is statutory; not of constitutional dimension. Under these circumstances, the failure, if any, to follow the statute and deliver a copy of the statement to petitioner is not prejudicial.

## II

█ Even though the initial consent to a warrantless search can be upheld as a proper condition of probation, no such valid condition existed after probation was revoked and restored. The document provided petitioner at the May 1974 hearing contains no reference to a warrantless search, but lists six specific terms of probation, five of which petitioner is expected to follow. Under the doctrine of *expressio unius est exclusio alterius* we must infer that the listing of terms and conditions is complete, and that there are no additional requirements which bind petitioner.

The Attorney General maintains that when probation was restored it was, by implication, on the same terms and conditions as existed before revocation. However, as stated in *Blair* v. *Pitchess,* 5 Cal.3d 258, 274 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206], "one may waive his Fourth Amendment right to be free from unreasonable searches and seizures [citations]. However, it 'cannot be overly stressed that the protections embodied in the Fourth Amendment are so fundamental that they are to be jealously guarded and liberally construed.' . . . [Citation.] 'It has been pointed out that "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and that we "do not presume acquiescence in the loss of fundamental

rights." ' " In the light of *Blair* v. *Pitchess,* we cannot find a waiver of petitioner's constitutional right by implication.

■ The Attorney General also contends that summary revocation of probation constitutes a suspension of probation, as a *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], hearing was not held; thus probation was never actually revoked. In *People* v. *Vickers,* 8 Cal.3d 451, 461 [105 Cal.Rptr. 305, 503 P.2d 1313], the court held ". . . that a summary termination of probationary status in the case of an absconding probationer comports with due process requirements if he is accorded a hearing or hearings which conform to *Morrissey* standards after being taken into custody." In the present case a hearing was held (May 1974) at which petitioner was present and represented by counsel and had the opportunity to require the probation officer to establish that the alleged violations did in fact occur and justified the revocations. This hearing complied with the requirements of *Morrissey* and the revocation of probation on April 26, 1974, was effective.

■ In view of the fact that the only probation order that included a consent to search was revoked, that the second probation order did not include a consent to search, and that a waiver of Fourth Amendment rights cannot be implied, the search was illegal and the Penal Code section 1538.5 motion should have been granted.

Let a peremptory writ of mandate issue as prayed.

Rattigan, J., and Christian, J., concurred.