[Crim. No. 16702. First Dist., Div. Four. Jan. 20, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES EUGENE ELY, Defendant and Appellant.

COUNSEL

Fred Baker for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**CHRISTIAN, J.—**  James Eugene Ely appeals from a judgment* of imprisonment which was rendered after he pleaded guilty to

---

*The notice of appeal designates "the denial of the motion to suppress evidence"; the court will treat the appeal as being from the judgment.

possession of heroin for sale (Health & Saf. Code, § 11351). The appeal tests the propriety of an order denying a motion under Penal Code section 1538.5 to suppress certain evidence upon which the People's case depended.

The trial court's ruling denying the motion to suppress evidence was supported by evidence showing that a police officer stopped appellant's car because it had no rear license plate. At the officer's request, appellant produced a driver's license and some papers pertaining to the registration of the vehicle. Appellant volunteered to permit the officer to search the trunk of his car, and, without any request from the officer, opened the trunk. In the trunk was a satchel. The officer picked up the satchel and attempted to open it. Appellant then retrieved the satchel, put it back in the trunk, and closed the lid. The officer found discrepancies in the registration documents which appellant had provided. He then made a warrant check and learned that there was an outstanding warrant for the arrest of appellant. Appellant was then arrested.

As the arrest of appellant was being completed, another officer asked for permission to search the trunk of the car. Permission was refused, appellant volunteering the information that the satchel in the trunk contained money in a "five-digit figure." The vehicle was impounded but not searched.

On the next day, it was learned that appellant was a parolee of the Department of Corrections and that in order to obtain his release he had consented in advance to the search of any personal property in his possession. Pursuant to authorization by a parole officer, the officers searched the trunk; inside the satchel they found bags of heroin and $32,000 in currency.

Appellant contends that it was unlawful for the officers to impound the vehicle and later to search it. But the validity of appellant's arrest, pursuant to a warrant, was unchallenged. Where there was cause to suspect that the vehicle might have been stolen, it was proper to impound the vehicle pending further inquiry (Veh. Code, § 22651, subd. (h); *People* v. *Hill* (1974) 12 Cal.3d 731, 749 [177 Cal.Rptr. 393, 528 P.2d 1], disapproved on another point, *People* v. *DeVaughn,* 18 Cal.3d 899, at p. 896, fn. 5 [135 Cal.Rptr. 786, 558 P.2d 872]). *Virgil* v. *Superior Court* (1968) 268 Cal.App.2d 127 [73 Cal.Rptr. 793], cited by appellant, is to be distinguished. There, it was held that a traffic arrest did not justify impoundment of a vehicle where other persons present in the car could

have taken charge of it. Here, there was more: The rear license plate of the car was missing and irregularities in the documents of title presented by appellant strongly suggested the possibility that the car had been stolen. Thus, impoundment was proper.

Citing *Freytes* v. *Superior Court* (1976) 60 Cal.App.3d 958 [132 Cal.Rptr. 26], appellant contends that the search condition contained in his parole agreement was ineffective because parole had already been suspended pursuant to Welfare and Institutions Code section 3151. *Freytes* is to be distinguished. There, a probation order which had contained a search condition had been revoked and a new probation order made from which the search condition was omitted. Here, in contrast, there had been no revocation of appellant's out-patient status (see *In re Bye* (1974) 12 Cal.3d 96 [115 Cal.Rptr. 382, 524 P.2d 854], cert. den., 420 U.S. 996 [43 L.Ed.2d 679, 95 S.Ct. 1437]). Hence, the consent which appellant had given in order to induce the authorities to release him on parole was still in effect.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 16, 1978.