[Crim. No. 31117. Second Dist., Div. One. May 18, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DELORES BARKINS, Defendant and Appellant.

**COUNSEL**

Richard K. Cacioppo, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Sandy R. Kriegler, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—His motions to suppress evidence and to reveal the identity of an informer having been denied, defendant, Delores Barkins, entered his guilty plea to a charge of possession of heroin for the purpose of sale. On this appeal from the resulting judgment, he contends: (1) a search which disclosed the heroin is invalid because a consent to search imposed as a condition of probation in a prior conviction had terminated by reason of a trial court order "revoking" probation; and (2) the trial court erred in denying his motion to reveal the identity of the informer.

We conclude: (1) trial court action revoking probation for the purpose of bringing the probationer before the court for a *Morrissey-Vickers* hearing does not itself terminate probation so that the probationary conditions remain in effect; and (2) an appellant from a judgment based upon a plea of guilty may not assert error in the denial of his motion to disclose the identity of an informant. We, therefore, affirm the judgment.

Police officers received information that "Dee" had sought to sell heroin to the informant. The informant having pointed out Dee's apartment to them, the officers watched it and became convinced that narcotics activity was there in process. Believing that "Dee" referred to Delores Barkins, the officers checked their file and determined that Barkins was on probation which included a condition that he submit to warrantless searches. They confirmed the existence of the condition by an examination of the court file.

Having obtained a copy of the order of probation, the officers went to Barkins' apartment where they asserted authority to search pursuant to the condition of probation. Barkins acquiesced and a subsequent search disclosed the contraband which constitutes the heroin which Barkins admitted possessing for sale by his guilty plea.

Some 21 months prior to the search, Barkins' probation had been summarily revoked and a bench warrant had been issued for his arrest. Relying upon the contention that the summary revocation of probation terminated the condition of probation asserted as authority for the search, Barkins moved to suppress evidence seized pursuant to the warrant. The motion was denied as was Barkins' motion to disclose the identity of the informant. Per a plea bargain by which the prosecution agreed not to present evidence of prior narcotics convictions, Barkins then entered his plea of guilty to the charge of possession of heroin for the purpose of sale.

In this appeal, Barkins reasserts his trial court contention of lack of authority for the search. The trial court properly denied the motion to suppress evidence found in the search.

■ Summary "revocation" of probation when the probationer is at liberty is a device by which the defendant may be brought before the court through its process (*People* v. *Vickers* (1972) 8 Cal.3d 451, 460-461 [105 Cal.Rptr. 305, 503 P.2d 1313]) and jurisdiction over the defendant retained in situations where probation may end before formal revocation proceedings commence. (*People* v. *Journey* (1976) 58 Cal.App.3d 24, 27

[129 Cal.Rptr. 478].) Actual revocation of probation cannot occur until the probationer has been afforded the due process hearing rights provided in *People* v. *Vickers, supra,* 8 Cal.3d at pages 458-459. Thus, until *Vickers* has been satisfied, the terms of probation remain in effect.[1]

Here those terms of probation included a waiver of defendant's Fourth Amendment rights by consent to warrantless searches. The condition is a valid one. (*People* v. *Mason* (1971) 5 Cal.3d 759, 764 [97 Cal.Rptr. 302, 488 P.2d 630], cert. den., *sub nom. Mason* v. *California* (1972) 405 U.S. 1016 [31 L.Ed.2d 478, 92 S.Ct. 1289], overruled on other grounds in *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].) Hence, the condition of probation authorized the search challenged in the case at bench.

We do not reach the substance of Barkins' claim of trial court error in denial of his motion to disclose the identity of the informant. The trial court's denial of the motion is not reviewable upon an appeal from a plea of guilty. (*People* v. *Castro* (1974) 42 Cal.App.3d 960, 965 [117 Cal.Rptr. 295].)

The judgment is affirmed.

Wood, P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 3, 1978. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.

---

[1]*Freytes* v. *Superior Court* (1976) 60 Cal.App.3d 958 [132 Cal.Rptr. 26], upon which Barkins relies for a contrary result, is not in point. There the consent to search condition of probation had been removed by formal court action prior to the search in question.