[Crim. No. 43719. Second Dist., Div. Two. June 2, 1983.]

In re GEORGE ALFONSO MEDINA on Habeas Corpus.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Edward J. Carney and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Gary R. Hahn and Richard L. Walker, Deputy Attorneys General, for Respondent.

OPINION

**BEACH, J.—**

NATURE OF PROCEEDING:

In a petition for writ of habeas corpus defendant challenges the power of the superior court to impose additional conditions of probation based on defendant's committing another crime while the original judgment which granted him probation was on appeal. We deny the petition.

PROCEDURAL FACTS:

Upon conviction of a crime, defendant was placed on probation for four years (terminating in 1985). One of the conditions of probation was that defendant serve five months in county jail. He appealed the judgment. He was released on bail pending appeal.[1] While free on bail and pending appeal defendant was convicted of the crime commonly described as "drunk driving." Eventually the judgment on the first conviction was affirmed and remittitur filed. Defen-

---

[1] The superior court did not otherwise modify or stay the execution of the judgment. Although discussed in *In re Stallings* (1970) 5 Cal.App.3d 322 [85 Cal.Rptr. 96], and *In re Kennick* (1982) 128 Cal.App.3d 959 [180 Cal.Rptr. 731], that fact is irrelevant to the true issue in this case and to the disposition of this writ application.

dant then returned to superior court and was remanded to jail to serve the time originally imposed as a condition of probation. Before defendant completed serving the five-month jail term on the original offense, the superior court was informed of the drunk-driving conviction and a probation violation hearing was held.[2] Defendant admitted the drunk driving conviction but argued, as he does here, that he could not be found in violation of probation because, as he claims, he was not "on probation" while out on bail pending appeal. He relies on *In re Kennick* (1982) 128 Cal.App.3d 959 [180 Cal.Rptr. 731]. The trial court rejected his claim. It thereupon revoked the probation and reinstated it on condition that defendant serve an additional six months in jail.

Defendant's reliance on *Kennick* is misplaced. The holding of *Kennick* is totally inapplicable here. In *Kennick* the defendant claimed that service of jail time, a condition of his probation, did not have to be met because the time it took to appeal his case exceeded the length of time of his probation. We rejected that contention. But whether or not probation was or was not running or was stayed or was not stayed is not the issue in this case. The issue here boils down simply to these two questions: (1) at the time of the modification of probation, did the superior court have jurisdiction and discretion to modify?; and (2) did it have facts before it on which it could exercise such authority and discretion? The answer to both questions is yes.

A defendant placed on probation for a period of time is "at liberty" only as long as he behaves in accordance with the terms thereof and does not again violate the law, regardless of whether or not such a requirement is expressly set forth as a condition of probation. If before his probation term expires the defendant misbehaves by breaking the law, that misbehavior may be brought to the court's attention and the court may bring the defendant to court, revoke and reinstate, or otherwise modify the probation originally imposed. The court may for good cause change the term of probation. (Pen. Code, §§ 1203.1, 1203.2, 1203.3.) A defendant does not have a vested, unchangeable, cast-iron right to the original terms of probation, once pronounced, and irrespective of his conduct before or during the time of probation.

■ The foregoing rudimentary rules apply here. Defendant again broke the law before his probationary term expired. As a result thereof, and during the existence of the probationary time, and at a time after the probationary order had been approved by the affirmance on appeal, the superior court properly exercised its discretion in imposing additional conditions for valid legal reasons.

When a trial court has granted a defendant probation, it has the authority to revoke or modify such probation when there is presented to it facts which

---

[2]There is no claim of improper hearing or other procedural error.

disclose that the defendant was not a worthy candidate but instead a poor risk for probation in the first instance, and should not have had probation granted to him at the outset. Having these courses of action statutorily available to it, and for the several stated reasons at bench, the court acted properly. It is insignificant when the subsequent misconduct occurs as long as it occurs before the probation terminates. There is no "free time out" during which a defendant may misbehave, free from the risk of such misbehavior affecting his probation. The idea is silly and contrary to the rehabilitative purpose and hopes of probation. The fact that defendant at bench appealed is similarly insignificant. "When the court grants probation and [even where it] thereafter grants a stay of the execution of the probation order, the trial court has the authority, upon the filing of the remittitur, to vacate its previous order granting probation upon a showing that the defendant's conduct while the matter was on appeal demonstrates that he is not a suitable candidate for probation supervision." (Application of *In re Stallings* (1970) 5 Cal.App.3d 322, 330 [85 Cal.Rptr. 96].)

The petition for writ of habeas corpus is denied.

Compton, Acting P. J., and Gates, J., concurred.

A petition for a rehearing was denied June 29, 1983, and petitioner's application for a hearing by the Supreme Court was denied August 25, 1983.