[No. E009507. Fourth Dist., Div. Two. July 14, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILIP WILLIAM LEWIS, Defendant and Appellant.

**COUNSEL**

Brian P. Trela, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Peter

Quon, Thomas M. Nickel and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DABNEY, J.**—The single issue in this case is a determination as to whether probation terms are enforceable during the period subsequent to the violation of probation hearing (hereafter, *Vickers* [1] hearing) and prior to the court formally proceeding to a disposition thereon.

We conclude that probation terms are fully enforceable during this interim period of time.

### FACTS

On December 12, 1989, a complaint was filed charging defendant, Philip William Lewis, with violation of Penal Code section 459,[2] burglary of an inhabited dwelling house, a felony (count 1), and with violation of section 602.5, unlawfully entering or remaining in a noncommercial dwelling house or apartment without the consent of the owner, a misdemeanor (count 2). Pursuant to section 859a, defendant entered a plea to the residential burglary. The case was certified to superior court and the matter referred to the probation department for an investigation report. The negotiated plea specified that the court could sentence defendant up to a maximum term of two years in state prison.

On February 6, 1990, proceedings were suspended, defendant was placed on two years' probation on count 1, and count 2 was dismissed. Among the terms of probation, inter alia, were that defendant violate no law or ordinance; that he report to his probation officer upon his release from custody; and that he abide by all reasonable directives of that officer. On February 1, 1991, his probation was summarily revoked for failure to report as directed, and a bench warrant was issued for his arrest.

At the *Vickers* hearing on March 1, 1991, defendant admitted the violation of probation. Sentencing on the violation was continued until April 1, 1991, and defendant was released from custody on his own recognizance to appear on April 1, 1991. On April 1, 1991, probation was extended to March 6, 1992, and it was reinstated on the same terms and conditions.

On March 29, 1991, defendant was arrested and accused of entering an apartment building laundry room with the intent to steal. On May 1, 1991,

---

[1] *People* v. *Vickers* (1972) 8 Cal.3d 451, 460-461 [503 P.2d 1313].

[2] All further statutory references, unless otherwise noted, are to the Penal Code.

the district attorney filed a petition to revoke defendant's probation based upon the March 29, 1991, arrest.

On May 15, 1991, a probation revocation hearing was held. Defendant was found in violation of probation based on his March 29, 1991, offense and was sentenced to two years in state prison.

### DISCUSSION

 Defendant challenges the imposition of a state prison commitment following certain criminal offenses by him on March 29, 1991, which were found to be violations of probation and resulted in the permanent revocation of his probation. He argues that probation had been summarily revoked and a formal hearing on an earlier violation of probation had been held on March 1, 1991. On that date, defendant admitted a violation of the terms and conditions of probation. Sentencing was set for April 1, 1991. He contends that during the period from March 1, 1991, until probation was reinstated[3] on April 1, 1991, he was not subject to the terms and conditions of probation.

In a case which concerns the validity of a state prison commitment after a termination of probation based on a violation of a probation condition, we start our analysis by referring to the legislative purpose of the probation statutes: "The Legislature finds and declares that the provision of probation services is an essential element of the administration of criminal justice. The safety of the public, which shall be a primary goal through the enforcement of court-ordered conditions of probation; the nature of the offense; the interests of justice, including punishment, reintegration of the offender into the community, and enforcement of conditions of probation; the loss to the victim; and the needs of the defendant shall be the primary considerations in the granting of probation." (§ 1202.7.)

Defendant cites no authority for his position that his probation conditions were suspended on March 29, 1991, but argues by analogy to *People* v.

---

[3]After a review of the record, this court requested that the parties submit supplemental briefs on the question of whether or not probation had actually been reinstated at the conclusion of the *Vickers* hearing when the court ordered a 30-day continuance at defendant's request. The court ordered defendant to proceed to the probation office upon release from jail, and he was released on his written promise to appear on the day set for sentencing. Additionally, the minute order of that date, March 1, 1991, reflects the notation "Prob ext to 3-6-92, prob reinstated . . . ." We have concluded that the transcript of the proceedings does not support that conclusion. The trial court itself did not consider the probation terms and conditions to have been reinstated until after the March 29, 1991, arrest. The People argue that the record reflects defendant was given ample notice and that, ". . . he was on a prevailing grant of probation on March 1, 1991." We believe that in the interest of judicial economy this issue need not require further inquiry or analysis as our holding in this case renders the issue moot.

*Barkins* (1978) 81 Cal.App.3d 30 [145 Cal.Rptr. 926]. In *Barkins* an informant alleged defendant was selling heroin from his apartment. The officers determined Barkins was on probation which included a term that he submit to warrantless searches. Based on that probation term, the officers searched Barkins's apartment and found heroin. Some 21 months prior to the search, probation had been summarily revoked and a bench warrant had been issued for his arrest. Barkins moved to suppress the evidence, contending the search term terminated upon the summary revocation of probation. The trial court denied the motion, and Barkins entered a guilty plea. (*Id.*, at p. 32.)

On appeal Barkins asserted the same argument. The court stated that a summary revocation of probation was the device by which the probationer was brought to court (*Barkins, supra,* 81 Cal.App.3d at p. 32), and "[a]ctual revocation of probation cannot occur until the probationer has been afforded the due process hearing rights provided in [*Vickers*]." (*Id.*, at p. 33.) It held, ". . . until *Vickers* has been satisfied, the terms of probation remain in effect." (*Id.*, at p. 33.) Thus, defendant argues, his terms of probation were not in effect once the *Vickers* hearing had concluded and before probation had been reinstated.

The Attorney General argues that *Barkins* and other case authority support the trial court's judgment in this case that the probation terms and conditions were in force on March 29, 1991, and defendant's criminal offenses on that date were a violation of his probation terms.

Respondent argues that in addition to *Barkins, In re Medina* (1983) 143 Cal.App.3d 562 [191 Cal.Rptr. 783] applies. In *Medina,* the defendant's petition for a writ of habeas corpus challenged the trial court's additional sentence of six months' jail time added to the original five months' incarceration imposed as a condition of probation. Medina was convicted of drunk driving while free on bail pending appeal on the original grant of probation. When the original court discovered the drunk driving conviction, the original conviction had been affirmed and the defendant was serving five months on the original grant of probation. The defendant was returned to superior court where the additional six months' jail time was imposed after he was found in violation of the terms of his probation. (*Id.*, at pp. 563-564.)

On appeal the defendant claimed that while out of jail pending appeal, he was not "on probation." The appellate court rejected the argument and denied the petition for writ of habeas corpus stating, "If before his probation *term* expires the defendant misbehaves by breaking the law, that misbehavior may be brought to the court's attention and the court may bring the defendant to court, revoke and reinstate, or otherwise modify the probation originally imposed." (*Medina, supra,* 143 Cal.App.3d at p. 564, italics added.)

Further authority that probation terms are enforceable during the *term* of probation is found in *In re Bakke* (1986) 42 Cal.3d 84, 88 [720 P.2d 11]. The *Bakke* court held that once a defendant has been granted probation, the fact defendant is placed on bail pending appeal does not suspend operation of any condition of probation other than the provision for confinement. (*Ibid.*) The court observed that when an individual has been convicted of a criminal offense and placed on probation, "[r]equiring that he or she comply with other conditions of probation during the pendency of the appeal is, in most cases, an appropriate means by which to protect the public against further criminal conduct. *The supervision of the probation officer may be considered necessary to insure continued good conduct or required to insure that the defendant may be promptly returned to court for proceedings to revoke probation and impose, or order execution of, sentence if it appears to the court that the probationer is unable or unwilling to comply with those conditions."* (*Id.*, at p. 88, italics added.)

■ A trial court has only certain statutory alternatives to exercise when a convicted felon appears for sentence. It ". . . must either sentence the defendant or grant probation . . . ; it has no other discretion. [Citations.]" (*People* v. *Cheffen* (1969) 2 Cal.App.3d 638, 641 [82 Cal.Rptr. 658].) "[I]f it chooses to retain jurisdiction under the probation statutes, [the trial court] may either, (1) pronounce judgment and suspend its execution; i.e., refrain from issuing a commitment of the defendant to the adult or other prison authority pending administration of the probation plan, or (2) it may suspend (refrain from) the pronouncement of judgment, subject to administration of the probation laws." (*People* v. *Banks* (1959) 53 Cal.2d 370, 384 [1 Cal.Rptr. 669, 348 P.2d 102].) *"In either procedure (1) or (2) the defendant remains in the actual or constructive custody of the court."* (*Ibid.*, italics added.) The powers of the court, when the defendant is granted probation are almost absolute in character. (*Ibid.*, see also *People* v. *Hawthorne* (1991) 226 Cal.App.3d 789, 792 [277 Cal.Rptr. 85].)

■ There is no "window" during the probation *term* which allows the probationer to be free from the terms and conditions originally imposed or later modified, nor during the interim period at issue in this case. Further, the trial court has the power over the defendant at all times during the *term* of probation until the defendant is discharged from probation or the court loses jurisdiction upon the defendant being sentenced to prison. (See *Banks*, *supra*, 53 Cal.2d at pp. 383-388.)

Just as the felon sentenced to state prison pursuant to the determinate sentence statutes is informed at judgment of the specific maximum period of incarceration he or she will suffer, those statutes that provide for the

alternate grant of probation require the terms and conditions of probation be enforced during the specifically imposed length of term of probation. For instance, section 1203.2, subdivision (a), states "At any time during the probationary period of a person released on probation . . . if any probation officer or peace officer has probable cause to believe that the probationer is violating any term or condition of his or her probation or conditional sentence, the officer may, without warrant or other process and *at any time until the final disposition of the case*, rearrest the person and bring him or her before the court . . . ." (Italics added.) And section 1203.3, subdivision (a) states: "The court shall have authority *at any time* during the *term* of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. . . ." (Italics added.)

Thus, the terms and conditions imposed upon the defendant placed on probation may be enforced at any time during the *term* of probation, and the procedures utilized to enforce the terms and conditions of probation do not toll or suspend for any period of time the terms and conditions of the probation grant. The defendant is not free of these restrictions until the probation period has terminated or he or she has been discharged by law from the probationary term.[4]

In this regard, we note that the language of the cases and statutes is not always as precise as could be desired, requiring us to examine closely the actual effects of a court's probation orders rather than simply relying on the court's language. ■ As the court noted in *People* v. *Pipitone* (1984) 152 Cal.App.3d 1112 [201 Cal.Rptr. 18], summary "revocation" of probation following the filing of a petition "cannot affect a grant of probation or its conditions, . . ." (*Id.*, at p. 1117.) Rather, ". . . it is simply a device by which the defendant may be brought before the court and jurisdiction retained before formal revocation proceedings commence. [Citation.] If probation is restored there has been in effect, no revocation at all." (*Ibid.*) Thus, in the context of the statutory scheme governing probation, the term "revocation" has a meaning quite different from other contexts. The term "reinstatement of probation" suffers from this same misunderstanding of the context in which this phrase is used.

■ In contrast *termination* of probation or a *discharge* from probation following completion of the probation term formally end the conditions of probation. When probation is terminated for a violation of probation conditions, judgment must be pronounced if no sentence was imposed at the time probation was granted. (*Hawthorne, supra*, 226 Cal.App.3d at p. 793.) When

---

[4]However, "[t]he revocation, summary or otherwise, shall serve to toll the running of the probationary *period*." (§ 1203.2, subd. (a), italics added.)

a probationer is discharged, he or she has completed the term of probation, and the court no longer has jurisdiction. (§ 1203.3, subd. (b)(3).) Neither of these conditions occurred in the present case. It follows that the conditions of probation continued in full effect during the period at issue here.

### DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Timlin, J., concurred.