Filed 8/21/20

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEPHEN ROBERT BELCHE,<br><br>    Defendant and Appellant. | C088829<br><br>(Super. Ct. No. 62-149962) |

APPEAL from a judgment of the Superior Court of Placer County, Michael W. Jones, Judge.  Reversed with directions.

Alexandr Satanovsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Ross K. Naughton, Deputy Attorney General, for Plaintiff and Respondent.


Defendant Stephen Robert Belche admitted violating probation in exchange for an agreed-upon sentence of three years on the original conviction.  The trial court approved the admission agreement, formally revoked defendant's probation, and ordered that probation would not be reinstated.  While defendant was awaiting sentencing on the original conviction, he exposed himself to a jail nurse.  The probation department filed a new petition to revoke probation based on the indecent exposure.  The trial court found the new allegation true, again revoked defendant's probation, and sentenced him to six years in state prison.

1

Defendant now contends (1) the trial court did not have jurisdiction to find he violated probation based on his indecent exposure after the trial court formally revoked his probation and ordered that it not be reinstated, and (2) the trial court erred in sentencing him to six years in state prison because he only agreed to a sentence of three years when he admitted the probation violation.

We conclude (1) the trial court did not have jurisdiction to find defendant violated probation based on his indecent exposure because defendant's probation had been formally revoked and not reinstated, terminating probation, and (2) we must vacate the six-year prison term and remand for the trial court either to impose a three-year term or allow defendant to withdraw his admission made under the agreement.[1]

We will reverse the order finding defendant violated probation by exposing himself to a nurse, vacate the sentence, and remand for the trial court to exercise its discretion either to impose a three-year term or allow defendant to withdraw his admission.

BACKGROUND

In 2017, defendant pleaded no contest to committing a lewd act on a child (Pen. Code, § 288, subd. (a))[2] and the trial court placed him on probation with 364 days of county jail time. A first petition to revoke probation was subsequently filed and

---

[1] Defendant also contends (3) the evidence was insufficient to support a finding that he violated Penal Code section 314, which formed the basis of the third petition to revoke probation, (4) the trial court erred by relying on defendant's unsatisfactory performance on probation to impose a six-year prison term, and (5) the matter must be remanded for a determination of defendant's ability to pay the imposed fines and assessments under *People v. Dueñas* (2019) 30 Cal.App.5th 1157. We need not consider these contentions because we conclude the order relating to the third petition to revoke probation must be reversed, the sentence vacated, and the matter remanded for further proceedings.

[2] Undesignated statutory references are to the Penal Code.

2

defendant admitted violating probation. The trial court revoked and reinstated his probation with an additional 180 days of county jail time.

In June 2018, the probation department filed a second petition to revoke probation and a hearing was held on October 3, 2018. At the hearing, defendant admitted probation violations in exchange for the lower term of three years on the original conviction for committing a lewd act on a child. After defendant waived his due process rights and admitted the probation violations, the trial court said: "Based on the admission as to allegation number one, I am going to revoke probation. Pursuant to the agreement, probation is not reinstated. It's revoked." The trial court continued the case for judgment and sentencing so that defense counsel could verify the number of presentence custody credits.

On October 17, 2018, the probation department filed a third petition to revoke probation after defendant exposed himself to a jail nurse on October 12, 2018, violating section 314. Defendant demurred to the petition, asserting that his probation had been formally, not just summarily, revoked and not reinstated before he committed the violation and the trial court no longer had probation jurisdiction over him. The trial court overruled the demurrer.

The trial court held a hearing on the third petition to revoke probation and a preliminary hearing on a new criminal case against defendant alleging indecent exposure. It ordered defendant held to answer on the new case. The trial court also found true the probation violation alleged in the third petition and again revoked probation.

Even though defendant's agreement to admit the probation violations alleged in the second petition to revoke probation specified a three-year state prison term, the trial court sentenced defendant to the middle term of six years on the original conviction for committing a lewd act on a child.

This appeal relates only to the case involving the original 2017 conviction for committing a lewd act on a child and does not relate to the new criminal case filed against defendant for indecent exposure in 2018.

DISCUSSION

I

Defendant contends the trial court did not have jurisdiction to find that he violated probation based on his indecent exposure after the trial court formally revoked probation and ordered that it not be reinstated. He argues the trial court loses probation jurisdiction over a defendant when it formally revokes probation, whereas the Attorney General asserts the trial court does not lose probation jurisdiction over a defendant until it sentences the defendant. Each party relies on *People v. Lewis* (1992) 7 Cal.App.4th 1949 (*Lewis*) to support its position. Even though *Lewis* is not on point, defendant has the better argument.

Before we analyze *Lewis*, we will summarize the procedure for revoking probation. When a defendant violates probation, the probation department may file a petition to revoke probation and the trial court may summarily revoke probation. This summary revocation does not terminate probation; instead, it suspends probation and allows the probationer to be brought before the court to answer for alleged probation violations. (§ 1203.2; *People v. Barkins* (1978) 81 Cal.App.3d 30, 32-33.) The defendant is still subject to probation conditions after summary revocation. (*People v. Pipitone* (1984) 152 Cal.App.3d 1112, 1117.) After summary revocation of probation, the defendant is entitled to a hearing before probation may be formally revoked. (*People v. Vickers* (1972) 8 Cal.3d 451, 458-459 (*Vickers*).) Formally revoking probation and declining to reinstate it terminates probation and allows imposition or execution of sentence. (See § 1203.2, subd. (c).)

Here, on the date defendant exposed himself to the nurse, the trial court had already held a *Vickers* hearing on the second petition to revoke probation, defendant had

4

already waived his due process rights and admitted the alleged probation violations, the trial court had already formally revoked defendant's probation, and it had already determined that probation would not be reinstated, although the trial court had not yet sentenced defendant.

The circumstances in *Lewis* were different. In that case the trial court summarily revoked defendant's probation, defendant admitted a probation violation at a *Vickers* hearing, and the trial court continued sentencing to a later date and released defendant on his own recognizance. While released, the defendant committed felony conduct, but three days later the trial court reinstated probation, apparently unaware of the defendant's felony offense. The trial court subsequently revoked the defendant's probation based on the felony conduct committed after the *Vickers* hearing and sentenced the defendant to state prison. (*Lewis, supra,* 7 Cal.App.4th at pp. 1951-1952.)

On appeal, the defendant argued the trial court could not find he violated probation because he had already had a *Vickers* hearing in which he admitted a previous probation violation and he was only awaiting sentencing on the original conviction. (*Lewis, supra,* 7 Cal.App.4th at p. 1952.) The Court of Appeal rejected the defendant's argument, finding his probationary term was in effect when he committed the last felony conduct. (*Id.* at p. 1956.)

The court wrote that "the trial court has the power over the defendant at all times during the term of probation until the defendant is discharged from probation *or the court loses jurisdiction upon the defendant being sentenced to prison.* [Citation.]" (*Lewis, supra,* 7 Cal.App.4th at p. 1954, italics added.) In the present case, based upon the italicized portion of that quotation, the Attorney General argues defendant's probation term was still in effect when he exposed himself to the nurse because he had not yet been sentenced. However, the court in *Lewis* also wrote: "[S]ummary 'revocation' of probation following the filing of a petition 'cannot affect a grant of probation or its conditions, . . . .' [Citation.] Rather, " . . . it is simply a device by which the defendant

5

may be brought before the court and jurisdiction retained before formal revocation proceedings commence. [Citation.] *If probation is restored there has been[,] in effect, no revocation at all.*' [Citation.] Thus, in the context of the statutory scheme governing probation, the term 'revocation' has a meaning quite different from other contexts. The term 'reinstatement of probation' suffers from this same misunderstanding of the context in which this phrase is used. [¶] In contrast[,] termination of probation or a discharge from probation following completion of the probation term formally end the conditions of probation. When probation is terminated for a violation of probation conditions, judgment must be pronounced if no sentence was imposed at the time probation was granted. [Citation.] When a probationer is discharged, he or she has completed the term of probation, and the court no longer has jurisdiction. (§ 1203.3, subd. (b)(3).) Neither of these conditions occurred in the present case. It follows that the conditions of probation continued in full effect during the period at issue here." (*Id.* at pp. 1955-1956, original italics omitted, italics added.)

From this last quoted statement in *Lewis*, it is apparent that the Court of Appeal based its holding on the specific facts of that case, which involved a summary revocation and subsequent reinstatement of probation. But this case is different. The trial court formally revoked defendant's probation at the hearing on the second petition to revoke probation and ordered that probation was not reinstated. That occurred before defendant exposed himself to the nurse.

The cases cited by defendant involved whether the trial court had probation jurisdiction after probation was summarily revoked but before probation was formally revoked. (See, e.g., *People v. Leiva* (2013) 56 Cal.4th 498, 515 ["[S]ummary revocation of probation preserves the trial court's authority to adjudicate a claim that the defendant violated a condition of probation during the probationary period"]; *People v. Hunter* (2006) 140 Cal.App.4th 1147, 1155 [parole search valid after defendant arrested for parole violation but parole not formally revoked].) Based on that authority, defendant

6

argues: "The fact that the trial court did not formally pronounce the bargained-for sentence at the same time as it formally revoked probation is of no matter."

The Attorney General nevertheless urges that probation jurisdiction lasts until sentencing, even if probation was previously revoked formally after a *Vickers* hearing and the trial court ordered that probation was not reinstated. Among other things, the Attorney General quotes the following sentence from a practice guide: " '[P]robation terms are enforceable during [the] period between [a] *Vickers* hearing and [a] formal disposition proceeding.' (3 Witkin & Epstein, Cal. Crim. Law (4th ed. 2012) Time Limitations, § 687, p. 1101, discussing [*Lewis, supra,* 7 Cal.App.4th 1949].)" As noted above, however, *Lewis* did not involve a situation in which the defendant committed the alleged probation violation after the trial court formally revoked probation and ordered that probation was not reinstated.

The Attorney General also relies on the following portion of section 1203.2: "At any time during the period of supervision of a person . . . , if any probation officer, parole officer, or peace officer has probable cause to believe that the supervised person is violating any term or condition of the person's supervision, the officer may, without warrant or other process and at any time until the final disposition of the case, rearrest the supervised person and bring them before the court or the court may, in its discretion, issue a warrant for their rearrest." (§ 1203.2, subd. (a).) The Attorney General emphasizes that the statute gives arresting authority "until the final disposition of the case," but this emphasis disregards the first clause limiting the reach of the statute to the period of supervision, i.e., the probationary period. The Attorney General also argues that, because subdivision (b)(1) of section 1202.3 refers to revocation and termination in the disjunctive ("the court may modify, revoke, or terminate supervision of the person"), revocation and termination are not the same thing. But this argument is unpersuasive because the effect of an order formally revoking probation along with a determination not

7

to reinstate probation is termination of probation. (*People v. Latham* (1988) 206 Cal.App.3d 27, 29.)

In addition, the Attorney General cites *In re Medina* (1983) 143 Cal.App.3d 562, in which a defendant violated his probation while the probation order (not a revocation of probation) was on appeal. The Court of Appeal held: "It is insignificant when the subsequent misconduct occurs as long as it occurs before the probation terminates. There is no 'free time out' during which a defendant may misbehave, free from the risk of such misbehavior affecting his probation." (*Id*. at 565.) Although there is no free time out while a defendant is on probation, that concept does not apply if a defendant is no longer on probation.

Here, we conclude defendant was no longer on probation once the trial court formally revoked his probation and ordered that probation was not reinstated. When a trial court formally revokes probation and determines that probation shall not be reinstated, the trial court must proceed to judgment and sentencing. (See Cal. Rules of Court, rule 4.435(b)(1).) In this case, defendant, having had his probation formally revoked and reinstatement rejected, stood convicted of lewd conduct on a child (the original conviction) and awaited sentencing. Because he was not on probation when he committed the felony conduct alleged to have been a probation violation under the third petition to revoke probation, the trial court erred in overruling defendant's demurrer to the petition to revoke probation. The trial court should have sustained the demurrer and dismissed the third petition to revoke probation.

II

Defendant further contends the trial court breached the plea agreement when it sentenced him to a six-year prison term rather than the agreed-upon three-year term.

When a defendant has agreed to admit a probation violation in exchange for a specified prison term and the trial court has approved the admission agreement, the trial court has only two options going forward: to sentence the defendant consistent with the

8

agreement or allow the defendant to withdraw his or her admission to the probation violation. (*People v. Calloway* (1981) 29 Cal.3d 666, 670-671; *People v. Kim* (2011) 193 Cal.App.4th 1355, 1365.) We agree with defendant and the Attorney General that the trial court did not have discretion to impose a six-year prison term because defendant agreed to a three-year term when he admitted the probation violation associated with the second petition to revoke probation.

Accordingly, we will reverse the order finding defendant violated probation by exposing himself to a nurse, vacate the sentence, and remand for the trial court to exercise its discretion either to impose a three-year term or allow defendant to withdraw his admission.

## DISPOSITION

The order finding defendant violated his probation based on the third petition to revoke probation (based on the indecent exposure allegation) is reversed. The sentence on the original conviction is vacated. The matter is remanded with directions to the trial court to dismiss the third petition to revoke probation, and to either sentence defendant consistent with the admission agreement or to allow defendant to withdraw his admission to the second petition to revoke probation.

                                                    /S/
                                            MAURO, J.

We concur:


      /S/
ROBIE, Acting P. J.


      /S/
HOCH, J.

9