Filed 9/18/24  P. v. Leaea CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRITTANIE LEAEA,<br><br>    Defendant and Appellant. | A167858<br><br>(Alameda County<br>Super. Ct. No. 18-CR-012255) |

Defendant Brittanie Leaea challenges an order awarding direct victim restitution.  She contends the trial court lacked jurisdiction to order restitution after a change to the Penal Code shortened her probationary term from five years to two.[1]  Additionally, in supplemental briefing requested by this court, Leaea argues she did not consent to the court's continued jurisdiction when the restitution hearing was delayed to a date beyond her probationary term.[2]  We reject these contentions and affirm.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Following our review of the record, we requested supplemental briefing regarding whether Leaea was estopped from challenging the continuance of the restitution hearing to a date after her probationary term expired.  We informed the parties that if they did not believe the record in the trial court was sufficiently developed to address the issue raised in our order,

1

## I.  BACKGROUND

In February 2019, Leaea was charged by information with felony assault with a deadly weapon.  (§ 245, subd. (a)(1).)  The information alleged that in the commission of the assault, she personally inflicted great bodily injury, causing the offense to become a serious felony.  (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a).)  The information further alleged that Leaea was previously convicted of felony grand theft of personal property. (§ 487, subd. (a).)

In October 2019, Leaea pleaded no contest to the assault with a deadly weapon count as charged.  Prior to her plea, the trial court informed Leaea that she would have to pay her victim if her victim "has suffered any financial loss as a result of the crime and puts in a claim for it."

At the sentencing hearing on November 13, 2019, the trial court suspended imposition of sentence and placed Leaea on formal probation for five years subject to various terms and conditions, including that she pay $5,428.26 in restitution to the Victim Compensation Board.

Effective January 1, 2021, Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950) amended section 1203.1 to limit periods of felony probation to two years, with some exceptions not applicable here.  (Stats. 2020, ch. 328, § 2; see § 1203.1, subds. (a) & (*l*).)

In June 2021, the People requested a hearing for "Determination of Restitution—DREST" for September of that year.  (Capitalization and boldface omitted.)  The trial court mailed Leaea a notice that a restitution hearing was scheduled for October 2021 but the mailing was returned.  Leaea

---

they could identify the additional facts or evidence needed.  Neither party took the position that additional evidence was needed to address the question presented.

failed to appear at the October hearing, so the court issued a bench warrant and revoked her probation. She appeared at a hearing on November 2, 2021, approximately two weeks before her probation was to expire under Assembly Bill 1950, and the court recalled the bench warrant and continued the restitution hearing to February 2022.

At the February 2022 hearing, the People presented a claim for $14,229.96 in victim restitution. Thereafter, a contested restitution hearing was set and continued numerous times. At a September 2022 hearing, Leaea's probation was reinstated. In January 2023, the restitution hearing was continued for a couple of weeks because of the "AB 1950 issue."

At a hearing in late January 2023, this matter was heard together with eight other cases regarding whether the trial court had authority to order restitution after probation had terminated pursuant to Assembly Bill 1950. At the conclusion of the hearing, the court ruled that "[p]robation cannot be extended" but that "[r]estitution can be ordered." The restitution hearing was continued to March 2023, over defense counsel's objection.

At the March 2023 hearing, the trial court deemed Leaea's probation terminated as of November 13, 2021 and ordered Leaea, pursuant to the parties' stipulation, to pay her victim $3,000 in restitution.

## II. DISCUSSION

### A. *Legal Authority Governing Restitution*

The California Constitution provides that "all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) A trial court must order such restitution "in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (*Id.*, subd. (b)(13)(B); *People*

*v. Giordano* (2007) 42 Cal.4th 644, 652.) To implement this constitutional mandate, the Legislature has enacted a restitution scheme codified primarily in sections 1202.4 through 1202.46. (*Giordano*, at pp. 651–653.) We review de novo whether the court exceeded the limits on its jurisdiction set by that statutory scheme. (*People v. Zuniga* (2022) 79 Cal.App.5th 870, 874.)

In any case in which a victim suffers economic loss, the sentencing court "shall require that the defendant make restitution to the victim . . . in an amount established by court order." (§ 1202.4, subds. (f) & (a)(3)(B).) If the court cannot ascertain the amount of a victim's losses when it imposes sentence or orders probation, it must include in its restitution order "a provision that the amount shall be determined at the direction of the court." (*Id.*, subd. (f).) In such a case, "the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (§ 1202.46.)

Our Supreme Court recently interpreted sections 1202.4 and 1202.46 in a similar case and held that a court that reserves jurisdiction under those sections has the power to fix the amount of victim restitution once the victim's losses become ascertainable, even if the defendant has completed probation. (*People v. McCune* (2024) 16 Cal.5th 980, 985–986 (*McCune*).) There, the defendant was placed on five years probation with the condition that he pay victim restitution in an amount to be determined. (*Id.* at p. 986.) Like here, the defendant's probationary term was shortened by Assembly Bill 1950, but the trial court concluded it still had authority to set the amount of victim restitution after his probationary term expired. (*McCune*, at p. 986.) The defendant appealed the restitution order, claiming the court lacked jurisdiction under section 1203.3, which generally prohibits courts from modifying probation conditions after probation has ended. (*McCune*, at

4

pp. 986–987.)  The Court of Appeal affirmed the order, reasoning that section 1202.46 provided "clear instructions" that the "sentencing court retains jurisdiction to fix the amount of restitution until the amount of the victim's losses can be determined." (*McCune*, at p. 986.)

Our high court agreed with the Court of Appeal:  "There is no statutory conflict here that would justify reading an implicit time limit into a court's power to fill in a missing amount once the victim's losses can be ascertained and thus ensure the victim receives full restitution," as required by section 1202.4.  (*McCune, supra,* 16 Cal.5th at p. 996.)  Because the trial court was not imposing an entirely new restitution order, and because the defendant did not claim any "unfair surprise," the court concluded the trial court had jurisdiction under sections 1202.4 and 1202.46 to set the amount of victim restitution, even though the defendant's probationary term had expired.  (*McCune*, at pp. 997–998, 1000.)

### B. The Trial Court Properly Imposed Victim Restitution

Leaea seeks to set aside the restitution order on the ground that the trial court lacked jurisdiction to order restitution in March 2023, more than one year after her probation terminated by operation of law under Assembly Bill 1950.  She relies on the minute order for the sentencing hearing, in which the boxes next to "Restitution is reserved" and "Restitution to be determined by the Court (PC 1202.4(f))" were left unchecked, while the box next to "Pay restitution to victim compensation fund" was checked and the amount owed to the Victim Compensation Board was handwritten in the order.  From this minute order, Leaea concludes the court ordered only $5,428.26 in victim restitution and did not reserve jurisdiction to order further restitution.  Looking beyond the minute order to the entirety of the

record, we conclude the court had jurisdiction under sections 1202.4 and 1202.46 when it fixed the amount of victim restitution in March 2023.

Leaea agreed as part of her plea to compensate her victim for any losses she incurred because of the assault "if a claim is put in." Prior to sentencing, probation recommended that Leaea be ordered to pay restitution of $5,428.26 to the Victim Compensation Board for medical bills it had paid on behalf of the victim *and* that restitution be reserved for further determination. The victim sent an e-mail to the court the day before sentencing describing her physical injuries—which included stab wounds— and the ongoing mental distress she was experiencing as a result of the assault. At sentencing, the court said it had reviewed the probation report and noted that prior to the victim's e-mail, it had "no information regarding the nature and extent of the injuries, including permanence and the effects of those and her feelings about the case." It acknowledged that the e-mail "says a little bit to me about the seriousness of the wounds," and that the victim "obviously feels very, very strongly about this." The court said it would treat the amount the Victim Compensation Board paid on behalf of the victim as the "presumptive amount," but that it would set the matter "for D-rest" (presumably shorthand for "Determination for Restitution") if there was a dispute. "It's just a direction we start from."

From this record, (and contrary to appellants' assertion at oral argument that the amount of victim restitution was entirely "ascertainable" at the time of sentencing) it is apparent that when the trial court placed Leaea on probation, the parties and the court understood that the amounts owed to the Victim Compensation Board might not constitute the full amount of the victim's losses and that victim restitution could be ordered in the future. In this context, the court's comments at sentencing reflect its intent

6

to reserve jurisdiction to fix the amount of victim restitution in the future if necessary to fully compensate the victim under section 1202.4. (See *People v. Guardado* (1995) 40 Cal.App.4th 757, 763 [holding that it was not error for the court to order restitution under former Government Code section 13967 "in an as-yet-undetermined amount as a means of retaining jurisdiction over the issue of restitution"].)

While the minute order left the relevant boxes unchecked, we give greater credence to the transcript of proceedings. (See *In re Abram L.* (2013) 219 Cal.App.4th 452, 459, fn. 3 ["We presume the reporter's transcript is the most accurate statement of the court's intent."]; *People v. Smith* (1983) 33 Cal.3d 596, 599.) The minute order is a form document with boilerplate language requiring that court personnel check boxes and fill in blanks; it does not reflect the court's intent to use the amounts paid by the Victim Compensation Board as a starting point for determining the full amount of victim restitution. We therefore conclude that the Supreme Court's holding in *McCune* applies here, and the court did not act in excess of jurisdiction when it set the amount of victim restitution in March 2023.

The authority Leaea relies on is distinguishable. Unlike this case, the trial court in *People v. Waters* (2015) 241 Cal.App.4th 822 made no mention of victim restitution when it placed the defendant on probation, and the prosecution did not seek restitution until more than two years after the defendant had completed probation. (*Id.* at pp. 825–826, 829.) In *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, the trial court ordered the defendant to pay a specific amount of victim restitution, and then ruled after the defendant's probation expired that it had jurisdiction to modify the restitution amount. (*Id.* at p. 770.) In contrast, here, the court did not fix the amount of restitution only to modify it after Leaea's probation terminated.

7

Rather, the court expressed an intent to hold hearings in the future if needed to determine the proper amount of restitution.[3]

Further, even assuming the trial court did not have jurisdiction to order victim restitution in March 2023, we conclude that Leaea is estopped from arguing the court lacked jurisdiction. As our Supreme Court observed in *People v. Ford* (2015) 61 Cal.4th 282, probationers may be estopped from challenging the trial court's jurisdiction to award restitution after the probationary period has expired if, by their conduct, they consented to or acquiesced in the trial court's act. (*Id.* at pp. 287–288.) Notably, the defendant in *Ford* did not request the continuance that delayed the restitution hearing beyond his probationary term. (*Id.* at p. 286.) The court explained, "estoppel can also apply to a party who merely consents to a continuance to a date beyond the court's ordinary authority to act. [Citation.] We have long recognized that a failure to object can constitute implied consent to an act in excess of the court's jurisdiction." (*Id.* at p. 288.)

*Ford*'s reasoning applies here. Leaea was notified of but failed to appear at the initial restitution hearing, which was scheduled on a date *before* her probation expired in November 2021 under Assembly Bill 1950. She appeared at the next hearing, again before her probation lapsed, but the restitution hearing was continued several more times. The record does not reveal that Leaea ever objected to these continuances.[4] The only time she

---

[3] The other cases cited by Leaea are inapposite because they do not address a court's jurisdiction under sections 1202.4 and 1202.46 to fix the amount of victim restitution. (See *People v. Chavez* (2018) 4 Cal.5th 771; *In re Griffin* (1967) 67 Cal.2d 343; *People v. Lewis* (1992) 7 Cal.App.4th 1949; *People v. White* (1982) 133 Cal.App.3d 677.)

[4] The record does not contain transcripts for many of these hearings, and the minute orders do not indicate whether Leaea affirmatively consented

8

appears to have objected to a continuance was over a year later, in January 2023, when the trial court concluded that restitution could be ordered. The parties thereafter stipulated to the amount of restitution Leaea owed her victim. Under these circumstances, we conclude Leaea impliedly consented to the court's continued jurisdiction. Permitting her to allow the restitution hearing to be continued for over a year beyond the expiration of her probation term without objection or notice to the court and only then belatedly to object it had lost the jurisdiction to determine the amount of victim restitution would " 'trifle with the courts.' " (*In re Griffin, supra*, 67 Cal.2d at p. 348.)

Although Leaea contends she had no reason to object because the trial court did not order her probation terminated until March 2023, Assembly Bill 1950 had been in effect for nearly a year at the time the restitution hearing was first continued. Nothing in the record indicates Leaea sought relief from the court earlier or that she was prevented from objecting on the ground that Assembly Bill 1950 shortened her probation. Moreover, much of the delay was a result of her own actions in failing to appear at the first scheduled restitution hearing. Allowing her to avoid her constitutional obligation to make restitution under these circumstances would work an inequity for her victim.[5]

---

to or objected to these continuances. For this reason, Leaea contends the case is distinguishable from *Ford*. This argument ignores the fundamental principles of appellate review that "ambiguities are resolved in favor of affirmance" of the order and that " 'all intendments and presumptions are indulged in favor of its correctness.' " (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) Therefore, absent evidence to the contrary, we presume Leaea did not object to the continuances.

[5] At oral argument, Leaea's counsel argued the equities weighed against estoppel because the People did not request a restitution hearing until two years into Leaea's probationary term. Because this argument was

In sum, the trial court had jurisdiction under sections 1202.4 and 1202.46 to set the full amount of victim restitution in March 2023.  And, in any event, we find Leaea's implicit consent to the trial court's exercise of jurisdiction after November 13, 2021 estops her from challenging it here.

### III.   DISPOSITION

The restitution order is affirmed.

---

raised for the first time at oral argument, we do not consider it here.  (*People v. Pena* (2004) 32 Cal.4th 389, 403.)

LANGHORNE WILSON, J.

WE CONCUR:

BANKE, ACTING P. J.

SIGGINS, J.*

A167858
*People v. Leaea*

_____

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11